BARKDULL, Judge.
Katherine Caravasios, an employee of the Miami-Dade Water & Sewer Authority, was injured on the job. Both she and her husband sued the two construction companies who were then working on the premises. The husband claimed medical expenses; Katherine did not. Ultimately, the jury returned a verdict of $160,000.00 in favor of Katherine and $0 in favor of her late husband’s estate. Katherine settled for $150,-000.00 to avoid an appeal.
Old Republic, the worker’s compensation carrier for the Water & Sewer Authority, filed its motion for equitable distribution, seeking half of the monies paid out for medical bills and disability benefits as well as half of all future compensation. Old Republic also sought to recover on penalties and interest it had paid, as well as fees it paid to an expert witness who examined Caravasios and testified at the compensation hearing. Caravasios objected to Old Republic’s claim and moved for attorney’s fees.
The trial court entered an order finding that the applicable statute provided for recovery of “50% of what [the carrier] had paid and future benefits to be paid...”[1] and that the total amount of medical payments was $9,485.95 and the total amount of disability benefits was $16,505.67. The court then ordered Caravasios to reimburse Old Republic for half of those two totals and, recognizing that future benefits were unliquidated, ruled that Old Republic could simply reduce future payments by half.
The appellant contends that (1) when an injured employee recovered nothing from the tortfeasor for past or future medical expenses, the carrier should not be entitled to reimbursement; (2) permitting the carrier to recover one-half the penalties and interest assessed against it defeats the whole purpose of the worker’s-compensation statute, which has penalty provisions to assure prompt payment. Although the Supreme Court has found the penalty payment to be “compensation” for purposes of taxing attorney’s fees [Lockett v. Smith, 72 So.2d 817 (Fla.1954) ], the same characterization should not be applied where the *247 carrier seeks reimbursement. (3) Section 440.39, Florida Statutes (1975), permits reimbursement for medical benefits paid, not litigation expenses in the form of expert witness fees.. (4) The carrier’s 50% reduction of all future benefits could exceed the amount of Caravasios’ recovery from the tortfeasor. (5) Caravasios was entitled to attorney’s fees incurred in resisting the reimbursement claim.
As to the first contention, we find no merit and affirm. The statute permits recovery upon any judgment. Section 440.-39(3)(a) Florida Statute (1975).[2] As to the second contention, we find merit and reverse. It would go contrary to the intent of the statute to permit a delinquent carrier to recover one-half of penalties and interest it was required to pay because of its dilatory response to the claimant’s claims in the first instance. Therefore, we reverse this portion of the order under review.
As to the third point, we affirm the award for professional services, the appellant having failed to demonstrate that the amount awarded was for a fee for testimony.
As to the fourth point, the maximum amount that the carrier can recover is capped by the amount received by the claimant. State Department of Health and Rehabilitative Services v. Culmer, 402 So.2d 1273 (Fla. 3d DCA 1981).
As to the last point, we affirm the denial of attorney’s fees in the trial court on the initial establishment of the equitable claim. Universal Engineering Corporation v. Cartier, 380 So.2d 1160 (Fla. 3d DCA 1980). However, we will allow a fee in this court for services rendered in sustaining the fee awarded under the reasoning of Ohio Casualty Group v. Parrish, 350 So.2d 466 (Fla.1977).
Therefore, for the reasons above stated, we modify the order under review by striking from the award the amount of $1,090.18, representing the penalties and interest recovered.
As modified, the order under review is affirmed.

. Section 440.39(3)(a) Florida Statutes (1975).

. This case is governed by the compensation laws that existed in 1975.