684 So.2d 336 (1996)
ALLIANZ INSURANCE COMPANY, Appellant,
v.
GOLDCOAST PARTNERS, INC., f/k/a Landel Enterprises III, Inc., d/b/a Burger King, Appellee.
No. 96-1120.
District Court of Appeal of Florida, Fourth District.
December 26, 1996.
Joshua D. Lerner and John Bond Atkinson of Rumberger, Kirk & Caldwell, Miami, for appellant.
Matt Hellman and Anne M. Jardine of Matt Hellman, P.A., Plantation, for appellee.
KLEIN, Judge.
An insurer appeals an order determining that a Burger King franchisee is insured under a policy issued to a chair manufacturer, for an accident in which a patron was injured by a chair. We conclude that because the contract between the manufacturer and Burger King did not indemnify the Burger King franchisee for its own negligence, there is no coverage.
The patron sued the Burger King franchisee, appellee Goldcoast, and the chair manufacturer, Decor Concepts, Inc. Allianz, the insurer of Decor, settled the claim with the injured plaintiff and obtained a release of all defendants. Further litigation ensued between Decor, Goldcoast, and Allianz, and the question presented by this appeal is whether there was insurance coverage for Goldcoast under the Allianz policy which insured Decor.
*337 The Allianz insurance policy provided liability coverage for bodily injury assumed by Decor through contracts, defining such an "insured contract" as:
F. That part of any other contract or agreement pertaining to your [Decor's] business ... under which you [Decor] assume the tort liability of another party to pay for `bodily injury' or `property damage' to a third person or organization.
Decor did assume, in its contract with Burger King, liability to indemnify Burger King and its franchisees to some extent:
Paragraph 9. Supplier [Decor] agrees to defend, indemnify and hold harmless BKC, its parent, affiliates, subsidiaries, and its franchisees, of and from all claims, demands, losses, damages, liabilities, costs and expenses, including reasonable attorney's fees arising from injury, illness, property damage and/or death caused, in whole or in part, by contact with or use of the products, unless (and then only to the extent) such injury, illness, property damage and/or death is caused by BKC, its parent, affiliates, subsidiaries or its franchisees.... (Emphasis added.)
The injured plaintiff alleged in his suit against Decor and the Burger King franchisee, Goldcoast, that Goldcoast was negligent in failing to repair the chair which it knew was in need of repair, and for failing to properly maintain and inspect its premises. The issue, therefore, is whether, under the contract, Decor was obligated to indemnify Goldcoast, for the active negligence of Goldcoast.
Contracts purporting to indemnify a party for its own negligence are viewed with disfavor, and they will not be enforced unless they express such an intent in clear and unequivocal terms. University Plaza Shopping Ctr. v. Stewart, 272 So.2d 507 (Fla. 1973); Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equip. Co., 374 So.2d 487 (Fla.1979).
The indemnity provision in this contract does not meet those requirements. Even if it did not contain the exception for injuries caused by Burger King or its franchisees, the general language leading up to that exception would be insufficient to require Decor to indemnify Goldcoast for Goldcoast's own negligence. The general provision is similar to the provisions in Charles Poe and University Plaza, and they were held not to have provided indemnity against the parties' own negligence. Since Decor did not agree to indemnify Goldcoast for Goldcoast's own negligence under the contract, there was no coverage provided under the policy for Goldcoast on an insured contract.
The trial court also found that Goldcoast was an additional insured by virtue of paragraph 10 of the Decor contract with Burger King, which provides in part:
Paragraph 10. Supplier [Decor] agrees to maintain during the entire term of the Agreement comprehensive liability insurance, including product liability coverage, in minimum amounts of ... Supplier [Decor] shall promptly provide BKC with certificates of insurance evidencing such coverage and naming BKC, its parent, subsidiary and affiliates as additional insureds and each certificate shall ...
Goldcoast argues that paragraph 10 should be read separate and apart from paragraph 9, and that it makes Goldcoast an additional insured even if Decor had no duty under paragraph 9 to indemnify Goldcoast for Goldcoast's own negligence. We disagree. That argument was also made in University Plaza, and the court held that a similar provision, requiring the tenant to obtain insurance to insure the landlord, did not provide for insurance coverage beyond the tenant's liability. 272 So.2d at 512. In the present case Decor is in the same position as the tenant in University Plaza. It therefore follows that if there was no coverage for the active negligence of Goldcoast under paragraph 9, there was no coverage by virtue of paragraph 10.
We therefore reverse.
DELL and GROSS, JJ., concur.