812 So.2d 433 (2001)
LINCOLN INSURANCE COMPANY, Appellant,
v.
HOME EMERGENCY SERVICES, INC., Keller Ladders, Inc., Albert Milian, Rose Milian, Home Depot USA, Inc., and PCA Solutions, Inc., Appellees.
No. 3D99-1806.
District Court of Appeal of Florida, Third District.
January 17, 2001.
Opinion on Rehearing March 6, 2002.
*434 George, Hartz, Lundeen & Fulmer and Esther E. Galicia (Ft.Lauderdale), for appellant.
Langbein & Langbein and Evan J. Langbein (Aventura); Kenneth E. Cohen, for appellees.
Before SCHWARTZ, C.J., and LEVY and GREEN, JJ.
Opinion on Rehearing En banc March 6, 2002.
PER CURIAM.
This is an appeal from a Summary Final Judgment entered against Lincoln Insurance Company ("Lincoln") on the basis that the general liability policy issued to Home Emergency Services, Inc. (HES) provides coverage for, and the duty to defend and indemnify, a spoliation of evidence claim which was filed against HES.
Lincoln issued a general liability policy to HES that provides coverage for any "bodily injury" or "property damage" liability which HES becomes legally obligated to pay. Albert Milian ("Milian"), a HES employee during the coverage period in question, was injured when a ladder (manufactured by Keller Ladders, Inc. and purchased by HES at Home Depot USA) collapsed causing him to fall. Milian collected workers' compensation benefits for his injuries and later filed a products liability action against Keller Ladders and Home Depot, the manufacturer and distributor of the ladder, for his injuries. In his Complaint, Milian also claimed damages against HES for spoliation of evidence. The Complaint sets out a claim for Spoliation of Evidence and for Statutory Violations under section 440.39(7), which requires employers to aid the plaintiff in all third party actions undertaken by the plaintiff for injuries sustained while employed. Specifically, Milian alleged that HES entered into an agreement with Milian's counsel to maintain the ladder in its possession during the pendency of the proceedings and that HES negligently or intentionally destroyed or abandoned said evidence.
Lincoln filed this declaratory action to determine its duties and responsibilities for the claims alleged against HES. Subsequently, Lincoln moved for Final Summary Judgment alleging that Milian's spoliation of evidence claims against HES were not covered under the policy and, therefore, Lincoln was not obligated to defend the claims against HES. HES responded with its own Motion for Summary Judgment alleging that Lincoln had a duty to defend on the spoliation claims. The trial court denied Lincoln's Motion for Summary Judgment and granted HES' cross-motion finding that the policy covered the Milian's claims against HES. We reverse, concluding that the policy does not provide coverage for the spoliation claims.
A claim for spoliation of evidence has been recognized in Florida jurisprudence as an independent cause of action for negligence where a party is unable to prove their case due to the loss or destruction of key evidence. See Bondu v. Gurvich, 473 So.2d 1307 (Fla. 3d DCA 1984); see also Miller v. Allstate Ins. Co., 573 So.2d 24 (Fla. 3d DCA 1990). Because of *435 the nature of the claim, liability for spoliation does not arise until the underlying action is completed. See Continental Ins. Co. v. Herman, 576 So.2d 313 (Fla. 3d DCA 1990). A spoliation claim, therefore, compensates the plaintiff for the loss of recovery in the underlying case due to the plaintiff's inability to prove the case because of the lost or destroyed evidence and not for the "bodily injury" or "property damages" actually sustained. The Fourth District Court of Appeal has described the basis of a cause of action for spoliation of evidence as "an intangible and beneficial interest in the preservation of the evidence." DiGiulio v. Prudential Prop. & Cas. Co., 710 So.2d 3 (Fla. 4th DCA 1998)(emphasis supplied).
Milian's Complaint seeks damages from the manufacturer and distributor of the ladder for "bodily injuries" sustained when he fell from the ladder. Alternatively, Milian claims that any inability to prove the underlying products liability claim is due to HES' negligence in destroying or losing crucial evidence. In essence, the damages sought against HES stem from the "bodily injury" suffered in the underlying claim but which Milian is unable to prove because of the lost or destroyed evidence. The claims raised against HES, therefore, seek damages for injuries on the theory that HES damaged Milian's ability to fully recover his damages in the underlying products liability claim against the manufacturer and distributor of the ladder. In considering whether a party has a duty to defend an underlying suit, the trial court is limited to reviewing the allegations raised by the underlying Complaint and the pertinent contract or policy between the parties. See McCreary v. Florida Residential Prop. & Cas. Joint Underwriting Ass'n, 758 So.2d 692 (Fla. 4th DCA 1999). We recognize that the duty to defend and the duty to indemnify are distinct and that the analysis is different, however, for purposes of our analysis here the concern is with whether a spoliation claim is one covered under the general liability policy and not so much with the distinction between the two duties. If the spoliation claim is not covered under the policy, there can obviously be no duty to defend.
Lincoln's policy provides that the insurer "will pay those sums that the insured becomes legally obligated to pay as damages because of `bodily injury' or `property damage' to which th[e] insurance applies." The policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." "Property damage" is defined as "[p]hysical injury to tangible property, including all resulting loss of use of that property."
Recently in Norris v. Colony Ins. Co., 760 So.2d 1010 (Fla. 4th DCA 2000), the Fourth District Court of Appeal considered a similar issue, under the terms of a comparable policy, and determined that a spoliation claim is not covered as "bodily injury" or "property damage" in a general liability contract. The Court explained that pursuant to the policy, "bodily injury" or "property damage" must be caused by an "occurrence", or accident. The Court found that because there was no link between the "occurrence", i.e., the destruction of evidence, and the "bodily injury", the spoliation claim does not come within the coverage contemplated by the insurance contract. The Court then considered the issue of whether the destruction of the evidence caused "property damage" within the limits of the policy. The Court first noted a provision in the policy excluding damage to the insured's own property. Then, looking to the definition of "property damage", the Court held that there was no damage to tangible property and, therefore, there was no coverage for the spoliation claim.
*436 Applying the Fourth District's analysis to the instant case, we find that the spoliation claim is not covered under the policy. With regard to coverage for "bodily injuries", we find that the causal relation between the "bodily injuries" sustained and the destruction of property is lacking, thereby precluding coverage for "bodily injuries" under the policy. With regard to coverage for damage to the destroyed evidence, we find that the only possible interest to the plaintiff is an intangible interest which is excluded from coverage. Consequently, there is also no coverage for "property damage".
Accordingly, we reverse the Final Summary Judgment entered below and hold that the policy does not provide coverage for the damages sought against HES. The matter is remanded with instructions to enter Final Summary Judgment in favor of Lincoln consistent with our holding. Our decision today in no way limits HES' responsibility to the plaintiff.
Reversed and remanded with instructions.
LEVY and GREEN, JJ., concur.
SCHWARTZ, Chief Judge (dissenting).
The approach to policy interpretation taken by Norris and the majority in this case embodies the kind of pettifoggery and hairsplitting which would have undoubtedly delighted Miss Snow,[1] my seventh grade English teacher, who taught us how to rip sentences into unrecognizable (but diagrammable) shreds. It is, unfortunately, completely contrary to the way insurance contracts are supposed to be construed. Berkshire Life Ins. Co. v. Adelberg, 698 So.2d 828, 830 (Fla.1997)("[The insured] was entitled to a clear explanation of terms rather than a fine distinction which was never written into his contract for insurance coverage.")[2]; Stuyvesant Ins. Co. v. Butler, 314 So.2d 567 (Fla.1975); Firemans Fund Ins. Co. v. Boyd, 45 So.2d 499 (Fla.1950); Poole v. Travelers Ins. Co., 130 Fla. 806, 179 So. 138 (1937).
What is more, the opinions are wrong even on their own terms. Both are bottomed upon the conclusion that there is no coverage because the claim for bodily injury[3] was not caused by "this occurrence, the destruction of evidence," Norris, 760 *437 So.2d at 1012 [e.s.]; see majority slip opinion at 6 ("we find that the causal relation between the `bodily injuries' sustained and the destruction of property is lacking, thereby precluding coverage for `bodily injuries' under the policy"). Again unfortunately, that is not what the policy says. It actually provides that the bodily injury must be caused by "an occurrence," defined as "an accident."[4][e.s.] Because, even when policy interpretation is not involved, and all the more when it is, the term "an" or "a" means "any," State v. Hershkowitz, 714 So.2d 545 (Fla. 3d DCA 1998); Izadi v. Machado Ford, Inc., 550 So.2d 1135, 1138 n. 3 (Fla. 3d DCA 1989); United States Fidelity & Guaranty Co. v. State Farm Mut. Auto. Ins. Co., 369 So.2d 410 (Fla. 3d DCA 1979), the "occurrence" or "accident" referred to must include the July 7, 1995 ladder collapse which injured the plaintiff, rather than only the destruction of the ladder which gave rise to the spoliation claim. To hold otherwise, as does the majority, is to violate directly what I had thought was another sacred canon of insurance law: that there must be no confusion between the basis of the underlying liability of the insuredhere, as in Norris, the destruction of evidenceand the duty of the insurance company to defend and indemnify for any claims against the insured which fall within the policy. See Prudential Property & Cas. Ins. Co. v. Swindal, 622 So.2d 467, 470 (Fla.1993)("Florida law has long followed the general rule that tort law principles do not control judicial construction of insurance contracts."); Phoenix Ins. Co. v. Helton, 298 So.2d 177 (Fla. 1st DCA 1974), cert. discharged, 330 So.2d 724 (Fla.1976); Cloud v. Shelby Mutual Ins. Co., 248 So.2d 217 (Fla. 3d DCA 1971); see also Logozzo v. Kent Ins. Co., 464 So.2d 605 (Fla. 3d DCA 1985); Klaesen Bros., Inc. v. Harbor Ins. Co., 410 So.2d 611 (Fla. 4th DCA 1982); Linderman v. American Home Assurance Co., 414 So.2d 1124 (Fla. 2d DCA 1982).
Because, in other words, I think it clear that the spoliation claim was one for bodily injuries, see cases collected supra note 2, resulting from an accident, I would affirm.[5]

On Rehearing En Banc
COPE, J.
The question before us is whether a commercial general liability insurance policy issued by appellant Lincoln Insurance Company provides coverage for a claim for spoliation of evidence.[1] We conclude that there is an applicable policy exclusion, and thus no coverage.

*438 I.
Albert Milian was a carpenter for defendant Home Emergency Services, Inc. While working, the ladder on which he was standing collapsed. Milian fell, suffering permanent injury to his arm.
At Milian's request, Home Emergency agreed to preserve the ladder. Milian needed it as evidence for his lawsuit against the manufacturer, Keller Ladders, Inc., and the distributor, Home Depot U.S.A., Inc. By statute, Home Emergency was obligated to cooperate with Milian on this request. See § 440.39(7), Fla. Stat. (1995); General Cinema Beverages of Miami, Inc. v. Mortimer, 689 So.2d 276, 278-79 (Fla. 3d DCA 1995).
According to Milian, Home Emergency lost the ladder or disposed of it. He filed suit against Home Emergency for spoliation of evidence ("the Milian complaint"). The Milian complaint alleged that the loss of the ladder had caused a significant impairment of his cause of action against Keller Ladders and Home Depot.[2]
Lincoln Insurance began defending Home Emergency against the spoliation claim under a reservation of rights. Lincoln then filed a declaratory judgment action to determine whether its insurance policy provided coverage for spoliation of evidence.
On cross motions for summary judgment, the trial court found that coverage existed. Lincoln has appealed.

II.
Lincoln first argues that a claim for spoliation of evidence does not fall within the coverage of this liability insurance policy. The policy promises to "pay those sums that the insured becomes legally obligated to pay as damages because of `bodily injury' or `property damage' to which this insurance applies."
Lincoln reasons that a claim for spoliation of evidence is not a claim for bodily injury or property damage, but instead is a claim for breach of contract (the agreement to preserve the ladder) or loss of an economic expectancy (the expected damages in the underlying tort case). We do not agree with Lincoln on this point.
We are obliged to construe the insurance policy language favorably to the insured. See Grissom v. Commercial Union Ins. Co., 610 So.2d 1299, 1304 (Fla. 1st DCA 1992).
The policy covers "damages because of `bodily injury' or `property damage' to which this insurance applies." (Emphasis added). The bodily injury or property damage must be caused by an "occurrence." "`Occurrence' means an accident...."
Milian's fall from the ladder was an "occurrence." Reading the policy favorably to the insured, we think that Milian's claim for spoliation of evidence is properly viewed as being "because of `bodily injury'...." We therefore conclude that the claim for spoliation of evidence is within the scope of the insuring agreement.[3]
We acknowledge that the Fourth District Court of Appeal has taken the opposite view in construing identical insurance policy language. Norris v. Colony Insurance *439 Co., 760 So.2d 1010 (Fla. 4th DCA 2000). We disagree with Norris.

III.
We conclude, however, that there is no coverage in this case because there is an applicable policy exclusion. By the policy's terms, the insurance does not apply to "`[b]odily injury' to ... [a]n employee of the insured arising out of and in the course of employment by the insured...." Milian's claim is for bodily injury suffered in the course of employment. It follows that the exclusion is applicable and there is no coverage under the insurance policy.[4]

IV.
For the stated reasons, we conclude that there is no coverage. Accordingly we reverse the summary judgment and remand for entry of judgment in favor of Lincoln Insurance Company.
Reversed and remanded.
JORGENSON, GERSTEN, GODERICH, SHEVIN, SORONDO, and RAMIREZ, JJ., concur.
SCHWARTZ, C.J., (specially concurring).
Like the court, I am for reversal solely because of the applicability of the standard employee exclusion provision of Lincoln's comprehensive liability policy. As reflected by my dissenting opinion to the panel, and as now agreed by the majority of the en banc courtbut directly contrary to the panel and to Norris v. Colony Ins. Co., 760 So.2d 1010 (Fla. 4th DCA 2000) the spoliation claim falls within the general insuring agreement for the payment of "damages because of `bodily injury.'" Nevertheless, coverage is unambiguously precluded by exclusion 2(e)(1) which provides that the insurance does not apply to:
"`Bodily Injury' to: (1) An employee of the insured arising out of and in the course of employment by the insured;... This exclusion applies: (1) Whether the insured may be liable as an employer or in any other capacity."[5]
See Florida Ins. Guar. Ass'n v. Revoredo, 698 So.2d 890 (Fla. 3d DCA 1997)(applying standard employee exclusion provision), review denied, 703 So.2d 477 (Fla.1997); accord Aetna Commercial Ins. Co. v. American Sign Co., 687 So.2d 834 (Fla. 2d DCA 1996), review denied, 698 So.2d 543 *440 (Fla.1997). See generally Griffin v. Speidel, 179 So.2d 569 (Fla.1965); Greathead v. Asplundh Tree Expert Co., 473 So.2d 1380 (Fla. 1st DCA 1985); Aetna Fire Underwriters Ins. v. Williams, 422 So.2d 7 (Fla. 2d DCA 1982). Although I rather cavalierly took a contrary view as to this exclusion at footnote five of the panel dissent, I was wrong.
I have also considered, but rejected, the insured's argument that to avoid the supposedly undesirable result that, under this holding,[6] there is apparently no spoliation protection available to the ordinary businessman under any extant policy,[7] "public policy" requires the existence of coverage under a self-denominated "comprehensive" policy, at least in the absence of a provision which excludes spoliation by name. See National Mut. Ins. Co. v. McMahon & Sons, Inc., 177 W.Va. 734, 356 S.E.2d 488 (1987). Such an approach, however, would introduce the doctrine of consumer-or-insured-expectations into the law of insurance coverage, a field in which the rule's uncertainty and unpredictability emphatically do not belong. See Deni Associates of Florida, Inc. v. State Farm Fire & Cas. Ins. Co., 711 So.2d 1135, 1140 (Fla.1998)("Construing insurance policies upon a determination as to whether the insured's subjective expectations are reasonable can only lead to uncertainty and unnecessary litigation."); State Farm Fire & Cas. Co. v. Metropolitan Dade County, 639 So.2d 63 (Fla. 3d DCA 1994), review denied, 649 So.2d 234 (Fla.1994). Even in this area, it is enough to consider only the terms of the contract itself, buttressed of course by the familiar rules of construction against the insurer, to determine whether coverage exists. In this instance, because of the exclusion, it simply does not.
LEVY, Judge (concurring in part and dissenting in part).
While I agree with the majority that the standard employee exclusion provision of Lincoln's comprehensive liability policy applies to deny coverage, I disagree that Milian's spoliation claim falls within the general insuring agreement.
In reviewing the Lincoln policy at issue, we start with the basic legal principle that the scope and extent of insurance coverage is defined by the language and terms of the policy. See Union Am. Ins. Co. v. Maynard, 752 So.2d 1266, 1268 (Fla. 4th DCA 2000); United States Fire Ins. Co. v. Morejon, 338 So.2d 223, 225 (Fla. 3d DCA 1976). Where the language of the policy is plain and unambiguous, "there is no need for judicial construction and the contract must be enforced as written." Florida Power & Light Co. v. Penn Am. Ins. Co., 654 So.2d 276, 278 (Fla. 4th DCA 1995) (citing Great Global Assurance Co. v. Shoemaker, 599 So.2d 1036 (Fla. 4th DCA 1992)). After reviewing the policy and giving its provisions their plain and ordinary meaning, I would hold that the policy does not extend coverage to a spoliation of evidence claim.
*441 Lincoln's "Insuring Agreement" provides that the insurer "will pay those sums that the insured becomes legally obligated to pay as damages because of `bodily injury' or `property damage' to which th[e] insurance applies." (emphasis added). The policy then explains that: "[t]his insurance applies to `bodily injury' and `property damage' only if: (1)[t]he `bodily injury' or `property damage' is caused by an `occurrence' that takes place in the `coverage territory,' and (2) ... occurs during the policy period." (emphasis added). "Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."
The majority opinion correctly recognizes that the policy covers bodily injury and property damage, and that the bodily injury or property damage must be caused by an occurrence. However, I cannot agree with the majority's holding that the occurrence for which coverage is being sought in the instant case is Milian's fall from the ladder. While Milian's fall from the ladder is definitely an occurrence which caused the bodily injury, it cannot be said that this same occurrence gives rise to coverage for a spoliation of evidence claim under this policy. When faced with the question of whether coverage should be afforded under an insurance policy, it is important to first consider who the insured party is and what the claim is against the insured party for which coverage is sought. See, e.g., New Hampshire Ins. Co. v. RLI Ins. Co., 807 So.2d 171, 171 (Fla. 3d DCA, 2002)(Levy, J., dissenting)(quoting Phillips v. Ostrer, 481 So.2d 1241, 1247 (Fla. 3d DCA 1985))("[t]he act which causes the damage constitutes the occurrence."). Here, the insured party is HES and the claim against it is for spoliation of evidence. Therefore, the occurrence giving rise to the spoliation claim is the loss of the ladder.
The majority's analysis of the policy's application to the instant case omits any discussion of the policy provision which states that the insurance only applies to bodily injury or property damage caused by the occurrence. The damage or loss sought by the spoliation of evidence claim was caused by HES's negligence in failing to preserve evidence, and is, therefore, not the result of Milian's fall from the ladder. See Norris v. Colony Ins. Co., 760 So.2d 1010 (Fla. 4th DCA 2000).[8] Consequently, I cannot agree that this insurance policy covers Milian's spoliation of evidence claim, the occurrence of which is the loss of the ladder. I also have to disagree with the majority's refusal to follow Norris v. Colony Insurance Co., 760 So.2d 1010 (Fla. 4th DCA 2000). Regrettably, although acknowledging the conflict, the majority and concurring opinions fail to specifically certify conflict with Norris. I agree with the holding in Norris and would follow it in all respects.
It follows then, that the damages sought against HES, under the spoliation claim, were not the result of "`bodily injury' or *442 `property damage' to which this insurance applies." Therefore, I would hold that the Lincoln policy does not provide coverage for the allegations contained in Milian's Complaint and, accordingly, Lincoln does not have a duty to defend or indemnify HES in connection with the spoliation claims. I would reverse the Final Summary Judgment entered below.
GREEN and FLETCHER, JJ., concur.
NOTES
[1] Not to mention St. Thomas Aquinas and Judge Altenbernd. See Bain v. State, 730 So.2d 296, 309 n. 14 (Fla. 2d DCA 1999)(dissenting opinion).
[2] The principle of law is firmly imbedded in the jurisprudence of this State that contracts of insurance should be construed most favorably to the insured. To draw such a fine distinction between the words "accident" and "accidental means" would do violence to this principle. It is a classic example of a distinction without a difference. As a practical matter, the average person buying accident insurance policies assumes that he is covered for any fortuitous and undesigned injury. The average man has no conception of the judicial niceties of the problem and even the most learned judge or lawyer, in attempting to understand and comprehend the niceties of the distinction, is left in a state of bewilderment and confusion.

Prudential Property & Cas. Ins. Co. v. Swindal, 622 So.2d 467, 471 (Fla.1993)(quoting Gulf Life Ins. Co. v. Nash, 97 So.2d 4, 10 (Fla. 1957)(Drew, J., for the majority in part)).
[3] Before the serendipitous appearance of Norris on the scene, the carrier's primary argument was that a spoliation claim is not "really" for the personal injuries or damages sustained by the plaintiff, but is instead "based on the loss of an intangible economic expectancy that they had arising out of the action they contemporaneously brought against the manufacturer and seller of the ladder." Brief of Appellant at 18. Because the injured plaintiff is so obviously seeking, albeit on a distinct theory, only a recovery for the injury itself, and because the contention is so obviously contrary to the law of both insurance and spoliation, which is that "only for purposes of section 768.041, the spoliation claim is the same tort for the same damages as the underlying products liability claim," Builder's Square, Inc. v. Shaw, 755 So.2d 721, 725 (Fla. 4th DCA 1999), review denied, 751 So.2d 1250 (Fla.2000); see Miller v. Allstate Ins. Co., 650 So.2d 671 (Fla. 3d DCA 1995), review denied, 659 So.2d 1087 (Fla.1995); Oliver v. Stimson Lumber Co., 297 Mont. 336, 993 P.2d 11 (1999); St. Mary's Hosp., Inc. v. Brinson, 685 So.2d 33 (Fla. 4th DCA 1996), review dismissed, 709 So.2d 105 (Fla.1998), I regard this position as entirely specious.
[4] Although I think Norris' reasoning is incorrect, its result may be defensible because the underlying tort in that case was an assault and battery which was excluded from coverage. Thus, at least arguably it was neither "an occurrence" or "an accident" within the meaning of the policy. There is no such basis, or any other, for the result in this case.
[5] I find even less merit in the appellant's alternative claims that the policy's worker's compensation and employer's liability exclusions apply.
[1] The court expresses its appreciation to the Academy of Florida Trial Lawyers and the Florida Defense Lawyers Association for the amicus briefs they have submitted at the invitation of the court.
[2] The Milian complaint included a count for common law spoliation of evidence as well as a count claiming a violation of subsection 440.39(7), Florida Statutes.

In the same complaint Milian also sued Keller, Home Depot, and PCA Solutions, Inc. for personal injury. The suit included a claim for loss of consortium by Rose Milian.
[3] We need not reach the alternative argument that the spoliation claim is also properly viewed as a claim "because of ... `property damage'...."
[4] This employee exclusion does not apply to an "insured contract," but the exception for an insured contract is not applicable in this case. The term "insured contract" has a lengthy definition in the policy which we need not quote here. Suffice it to say that an agreement for preservation of evidence does not qualify as an "insured contract" under this policy.
[5] I also agree with Judge Cope that no exception to this exclusion applies. The most arguable one is contained in 2(e) itself which states that "[t]his exclusion does not apply to liability assumed by the insured under an `insured contract'" which is defined in part as:

"That part of any other contract or agreement pertaining to your business ... under which you assume the tort liability of another party to pay for `bodily injury' or `property damage' to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contact or agreement."
In this case, while the agreement with the plaintiff to preserve the ladder might well qualify as one in which the insured assumed the tort liability of another party, the ladder manufacturer, if the contract were breached, that undertaking was to pay the plaintiff himself not, as the exception states, "a third person," as in an indemnity or contribution agreement, to which the exception is applicable. See Florida Municipal Power Agency v. Ohio Cas. Ins. Co., 714 So.2d 660 (Fla. 5th DCA 1998); Allianz Ins. Co. v. Goldcoast Partners, Inc., 684 So.2d 336 (Fla. 4th DCA 1996).
[6] The force of this argument is considerably diminished because, as we believe, there is spoliation coverage for any case in which the plaintiff is not an employee who sustained her injuries in the course of employment with the employer-alleged spoliator. Moreover, the fact that there is no protection in this instance applies to every non-spoliation situation to which the exclusion applies. See generally Revoredo, 698 So.2d at 892 (Fla. 3d DCA 1997)("[T]he only coverage intended, and for which the premium has been paid, is the liability of the insured to the public, as distinguished from liability to the insured's employees whether or not they are protected by the workers' compensation law."), review denied, 703 So.2d 477 (Fla.1997).
[7] It seems clear the employer's worker's compensation policy does not cover the claim either.
[8] In Norris, the Fourth District, construing policy language identical to the provisions at issue here, found that a spoliation of evidence claim was not covered by the general provisions of the insuring agreement. The plaintiff sought damages for defendant's negligence in erasing a videotape which may have recorded the assault on plaintiff. See Norris, 760 So.2d at 1011. The Court noted that the insured agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of `bodily injury' or `property damage' to which this insurance applies." Moreover, like in the instant case, the policy required that the bodily injury or property damage be caused by an "occurrence". See Norris, 760 So.2d at 1012. The Court held that "[c]learly this occurrence, the destruction of evidence, did not result in bodily injury." Norris, 760 So.2d at 1012.