832 So.2d 166 (2002)
Tyrone TOWNSEND, Appellant,
v.
CONSHOR, INC., a Florida corporation; and Boran Craig Barber Engel Construction Co., Inc., a Florida corporation, Appellees.
No. 2D01-4787.
District Court of Appeal of Florida, Second District.
November 8, 2002.
Rehearing Denied December 19, 2002.
*167 Mark C. Menser of Viles Law Firm, P.A., Fort Myers, for Appellant.
No appearance on behalf of Appellee Conshor, Inc.
Brian S. Duffy and Brandice D. Dickson of McConnaughhay, Duffy, Coonrod, Pope & Weaver, P.A., Tallahassee, for Appellee Boran Craig Barber Engel Construction Co.
ALTENBERND, Judge.
Tyrone Townsend appeals a final summary judgment entered in favor of his employer, Boren Craig Barber Engle Construction Company, Inc. (BCBE). Mr. Townsend sued his employer alleging that he sustained a job-related injury on May 5, 1998, when he fell from the second story of a building that was under construction. He claims that he fell because of a defective wooden safety railing that had been installed by Conshor, Inc. We affirm the trial court's judgment on all issues except for the count for spoliation.
Mr. Townsend sued BCBE, alleging that BCBE was his employer and that he had been injured on the job when the wooden railing gave way. At the same time, he sued Conshor, Inc., as the manufacturer and installer of the railing. He attempted to allege theories of simple negligence, strict liability, breach of warranty, and breach of implied warranty. Mr. Townsend never alleged that BCBE committed any act that would overcome workers' compensation immunity. See Turner v. PCR, Inc., 754 So.2d 683, 686 (Fla.2000) (holding statutory employer remains immune from suit so long as employer refrains from intentional torts or culpable negligence). Of equal importance, it was undisputed that Mr. Townsend filed a workers' compensation claim again BCBE. While represented by counsel, he formally settled that claim in his workers' compensation proceeding and executed a general release. Mr. Townsend's claim for bodily injury against BCBE is barred by the doctrine of election of remedies. See Chorak v. Naughton, 409 So.2d 35 (Fla. 2d DCA 1981) (holding that worker who requests and receives workers' compensation benefits elects this exclusive remedy).
In addition to these theories, Mr. Townsend sued BCBE for spoliation or negligent destruction of evidence. Mr. Townsend claims that BCBE destroyed or discarded the damaged wooden railing, making it difficult or impossible to prove his claim against Conshor, Inc.
Spoliation is a recognized cause of action in Florida. See Hagopian v. Publix Supermarkets, Inc., 788 So.2d 1088 (Fla. 4th DCA 2001). It is a claim that can be brought by an employee against an employer. See Lincoln Ins. Co. v. Home Emergency Servs., Inc., 812 So.2d 433 (Fla. 3d DCA 2001). This is not a cause of action related directly to the conduct that caused Mr. Townsend's injuries. If BCBE destroyed evidence under factual circumstances that would make it liable for negligent destruction of evidence, this destruction occurred subsequent to the accident at a time when BCBE had a reasonable basis to understand that the broken railing was evidence that could be used in a legal proceeding. Such a spoliation claim is an "independent cause of action for negligence" *168 that "does not arise until the underlying action is completed." Home Emergency, 812 So.2d at 434-435.
Mr. Townsend's claim against Conshor, Inc., is apparently still pending in the trial court. We doubt Mr. Townsend even had an accrued cause of action against BCBE for spoliation at the time summary judgment was entered by the trial court because the action against Conshor, Inc., was not "completed" at that time. We reverse the summary final judgment on his claim for spoliation only because it was not barred by his election to pursue a workers' compensation claim or released by the settlement of that claim. We express no opinion as to the merits of his claim for spoliation and, by this opinion, have not determined that his current pleadings allege a sufficient, accrued cause of action.
Affirmed in part, reversed in part, and remanded.
PARKER and GREEN, JJ., concur.