888 So.2d 58 (2004)
James SHAW, Appellant,
v.
CAMBRIDGE INTEGRATED SERVICES GROUP, INC., Appellee.
No. 4D02-4515.
District Court of Appeal of Florida, Fourth District.
October 6, 2004.
Order Denying Rehearing and Granting Certification December 15, 2004.
*60 Michael G. Cooksey of Cooksey & Cooksey, P.A., Riviera Beach, for appellant.
Robert L. Teitler and David S. Tadros of Walton, Lantaff, Schroeder & Carson, Miami, for appellee.
PER CURIAM.
In this appeal we consider a decision allowing an employer's insurer to recover a pro rata share from an employee's successful action for damages resulting from the employer's spoliation of evidence. The Workers Compensation rule allows an employer's insurer to have a specified share of any recovery in an employee's action against a third party tortfeasor. We conclude that the rule does not apply when an employee recovers damages from the employer itself for destroying evidence essential to prove the injured employee's claim against a third party tortfeasor who manufactured a defective product causing the employee's injuries. In short, the insurer is not entitled to recover a share of the damages its own insured is forced to pay for the insured's negligent destruction of evidence.
The underlying facts were discussed in our opinion in Builder's Square *61 v. Shaw, 755 So.2d 721 (Fla. 4th DCA 1999). The injured employee had sued the manufacturer of the defective ladder as a third party tortfeasor. The defective ladder was destroyed by the employer, however, and the employee settled with the ladder manufacturer for less than the full measure of his damages from the ladder's failure. He then sued his employer for spoliation of evidence, and the jury awarded him damages. We note that the fact of the settlement with the manufacturer was made known to the jury. In the prior appeal, we held:
"we must assume that the jury considered this [settlement] in reaching its verdict, and therefore find that the trial court correctly refused to set off the verdict with these same payments."
755 So.2d at 725. In other words, the jury's award in the spoliation action simply made up the difference between the full amount of the damages caused by the defective ladder and the settlement received from the manufacturer.
Upon our affirmance, the employer's Workers Compensation carrier sued the employee to recover a pro rata share of the damages awarded by the jury. The insurer contended that pursuant to section 440.39(3)(a) it was entitled to recover from the employee:
"approximately 59.0% of the sums it has had to pay to and on behalf of [the employee], and to retain approximately 59.0% of future benefits to be paid to and on behalf of [the employee] until the sum recovered and the sums retained equal ... [the employee's] net recovery."
The insurer argued that it is entitled to such a recovery as subrogee because the employer "essentially stood in the shoes of the `third-party ladder manufacturer' by being liable for the same tort and the same damages [for which] the ladder manufacturer would have been [liable] in the products liability claim." We disagree. Specifically, we disagree with the trial court's reasoning that a workers' compensation insurer should be entitled to recovery as subrogee because the employer stood in the shoes of the third party ladder manufacturer in the underlying spoliation of evidence claim.[1]
Workers' compensation is a branch of law which is entirely statutory in origin and was unknown to the common law. See Fid. & Cas. Co. v. Bedingfield, 60 So.2d 489, 492 (Fla.1952). Workers' compensation is designed to protect workers and their dependents against the hardships that arise from the workers' injury or death arising out of, and occurring during, their employment. See McCoy v. Fla. Power & Light Co., 87 So.2d 809, 810 (Fla.1956). It is remedial legislation, the fundamental purpose of which is to relieve society of the burden of caring for an injured employee by placing such burden on the industry involved. See C.F. Wheeler Co. v. Pullins, 152 Fla. 96, 11 So.2d 303, 305 (1942). Workers' compensation law is to be liberally construed in such a manner as to effectuate the purposes for which the law was enacted. See Gillespie v. Anderson, 123 So.2d 458, 463 (Fla.1960).
Florida Workers' Compensation Act, which is codified in Chapter 440, Florida Statutes, has been held to benefit employee *62 and employer alike, in that such laws provide for employers a liability that is limited and determinate, and for employees a remedy that is both expeditious and independent of proof of fault. See Lee v. Fla. Pine & Cypress, 157 So.2d 513, 516 (Fla.1963). Such statutes are mutually advantageous to workers and employers and have a stabilizing influence on business and the general economy. See Fla. Game & Fresh Water Fish Comm'n v. Driggers, 65 So.2d 723, 725 (Fla.1953).
The statute provides that workers' compensation is available only for injury or death "arising out of and in the course of employment." § 440.02(19), Fla. Stat. (2003). "For an injury to arise out of the course of employment, there must be some causal connection between the injury and the employment or it must have its origin in some work incidental to or connected with the employment, or it flowed from it as a natural consequence." Cone Bros. Contracting Co. v. Allbrook, 153 Fla. 829, 16 So.2d 61, 63 (1943).
Pursuant to statute, the liability of an employer for compensation when an employee suffers injuries arising out of and in the course of employment is exclusive and in place of all other liability of the employer to any third-party tortfeasor and to the employee, and anyone otherwise entitled to recover damages from the employer. § 440.11(1). The employer's immunity from suit as a third-party tortfeasor is conferred by its liability to secure compensation and its immunity is commensurate with this liability. See Jones v. Fla. Power Corp., 72 So.2d 285, 287 (Fla.1954); see also Richardson v. United States, 577 F.2d 133, 135 (10th Cir.1978) (interpreting Florida law). This exclusivity provision also governs the liability of a workers' compensation carrier to an employee or to anyone entitled to bring suit in his name. § 440.11(3).
The statutory provision as to exclusiveness of remedy however, does not prevent an action against a third-party for an employee's injury. Section 440.39(1) provides that an employee who "is injured ... in the course of his or her employment by the negligence or wrongful act of a third-party tortfeasor ... may accept compensation benefits under the provisions of this law, and at the same time ... may pursue his or her remedy by action at law or otherwise against such third-party tortfeasor." An injured employee however will not be allowed to keep both the entire amount of compensation and any damages awarded in the third party lawsuit. This double recovery is prevented through the statutory scheme of subrogation. If the employee accepts compensation under the law and thereafter files an action against the tortfeasor, the compensation carrier becomes subrogated to a limited extent for the benefits paid or to be paid to the employee. § 440.39(2).
It is important to not lose sight of the fact that the compensation insurer has no common law right of subrogation, and that subrogation in a workers' compensation case is solely a creature of statute. See Cont'l Ins. Co. v. Indus. Fire & Cas. Ins. Co., 427 So.2d 792, 793 (Fla. 3d DCA 1983). The statute provides that an insurance carrier is entitled to limited subrogation, but only under the terms and conditions set forth therein. Under the provisions of the Workers' Compensation Act, an insurer's statutory subrogation right only applies when an employee receives payments for the disability or medical expenses resulting from an injury in the course of his or her employment. § 440.39(2); see Southland Constr., Inc. v. Greater Orlando Aviation, 860 So.2d 1031, 1035-36 (Fla. 5th DCA 2003) (provision in Workers' Compensation Act establishing a *63 device by which employer can recover compensation and medical benefits through subrogation or lien precluded employer from recovering increase in workers' compensation insurance premiums). In other words, in order for subrogation rights to arise there must be a compensable injury; one that arises out of and in the course of employment, for which compensation and benefits have been paid.
We believe that the proper question to be decided by this court is not whether the employer stands in the shoes of the third-party tortfeasor but, rather whether a claim for spoliation of evidence is an injury which arises out of and in the course of employment.
A spoliation claim compensates the plaintiff for the loss of recovery in the underlying case due to the plaintiff's inability to prove the case because of the lost or destroyed evidence and not for the "bodily injury" actually sustained. See Lincoln Ins. Co. v. Home Emergency Servs., 812 So.2d 433, 435-36 (Fla. 3d DCA 2001). "Because of the nature of the claim, liability for spoliation does not arise until the underlying action is completed." Id. at 434-35. This court has previously described the basis of a cause of action for spoliation of evidence as "an intangible and beneficial interest in the preservation of the evidence." DiGiulio v. Prudential Prop. & Cas. Co., 710 So.2d 3, 5 (Fla. 4th DCA 1998).
In the matter sub judice, while appellant's fall from the ladder is definitely an occurrence which caused the bodily injury, it cannot be said that this same occurrence gives rise to a spoliation of evidence claim. See Lincoln Ins. Co., 812 So.2d at 441 (Levy, J., concurring in part and dissenting in part). The "occurrence giving rise to the spoliation claim is the loss of the ladder." Id. (emphasis in original). "If [the employer] destroyed evidence under factual circumstance that would make it liable for negligent destruction of evidence, this destruction occurred subsequent to the accident at a time when [the employer] had a reasonable basis to understand that the [ladder] was evidence that could be used in a legal proceeding. Such a spoliation claim is an `independent cause of action for negligence' that `does not arise until the underlying action is completed.'" Townsend v. Conshor, Inc., 832 So.2d 166, 167-68 (Fla. 2d DCA 2002) (citation omitted).
The Florida Supreme Court, in Humana Worker's Compensation Services v. Home Emergency Services, Inc., 842 So.2d 778 (Fla.2003), found that an employer's liability insurer was not liable under the terms of the insurance policy for a claim of spoliation of evidence. The court found that a claim for spoliation of evidence was not a claim for "bodily injury by accident" because "what is claimed here as the `accident' is the negligent loss of the ladder. That accident did not result in bodily injury but rather in the ladder not being available as evidence in a bodily injury claim." Id. at 781. The court went on to state that:
Negligent spoliation of evidence is a tort claim based on a defendant's breach of duty to preserve evidence. The damage that flows from such a breach is the resulting inability to prove a cause of action. [The employee's] spoliation claim seeks compensation not for the bodily injury he sustained in falling from the ladder but, rather, for his loss of a probable expectancy of recovery in the underlying suit.
Id.; see also Norris v. Colony Ins. Co., 760 So.2d 1010, 1012 (Fla. 4th DCA 2000) approved by Humana, 842 So.2d at 779 (holding that a spoliation of evidence claim was not covered as "property damages" under commercial general liability policy).
*64 Other jurisdictions have also found that spoliation of evidence is not an injury arising out of and in the course of employment. In the case of Schusse v. Pace Suburban Bus Division, 334 Ill.App.3d 960, 268 Ill.Dec. 645, 779 N.E.2d 259 (2002), which is factually similar to the instant matter, the court found that the defendant failed to show how its preservation or spoliation of evidence in any way arose out of the plaintiff's employment.
[The employer] has not shown that the spoliation occurred while the employee was acting under the direction of the employer, that the spoliation occurred while the employee was performing an act reasonably incident to an assigned duty of employment, or that it occurred while the employee was acting pursuant to a statutory or common-law duty while performing duties for his employer. [The employer] has not shown that the origin of the spoliation lies in some risk related to the employment or increases the employee's risk of harm beyond that to which the general public is exposed, as [the employer] has not shown that the risk that it will lose or destroy evidence is greater when the plaintiff is an employee, as opposed to a passenger or other member of the public.
Id. at 265. "In contrast the spoliation of evidence alleged in this case did not generate medical bills, require [the] plaintiff to take time off from work, or seek work-related medical treatment." Id. at 266. "Thus injury in this case did not arise from the plaintiff's employment, was not received during the course of employment and was not compensable under the Act." Id. at 267. Based on the foregoing, it is our belief that under the applicable statutes, spoliation of evidence is not an injury arising out of and in the course of employment which would entitle the insurer to subrogation rights in the damages awarded against the employer for the destruction of the ladder.
Even if it were possible to find that the spoliation of evidence was a compensable injury, the insurer would still not be entitled to subrogation. In order to avail itself of the benefits conferred by statute, the insurer must comply with the rules and conditions stated therein. See Continental Ins. Co., 427 So.2d at 793. One of the most important rules and conditions stated in the Workers' Compensation statute is the duty to cooperate. § 440.39(7). This duty to cooperate also includes the duty to preserve evidence. See Gen. Cinema Beverages of Miami, Inc. v. Mortimer, 689 So.2d 276, 279 (Fla. 3d DCA 1995). As such, a claim against an employer for spoliation of evidence is not barred by a claimant's election to seek workers' compensation from his or her employer. See Townsend, 832 So.2d at 167.
Moreover, § 440.39(3) expressly provides that:
the failure by the employer or carrier to comply with the duty to cooperate imposed by subsection (7) may be taken into account by the trial court in determining the amount of the employer's or carrier's recovery, and such recovery may be reduced, as the court deems equitable and appropriate under the circumstances....
In Caravasios v. M.W. Spates Construction, 414 So.2d 245 (Fla. 3d DCA 1982), the court found that a compensation carrier was not entitled to recover on penalties and interest it had paid, stating that "[i]t would go contrary to the intent of the statute to permit a delinquent carrier to recover one-half of penalties and interest it was required to pay because of its dilatory response to the claimant's claims in the first instance." Id. at 247; see also Arendas v. Rich & Co., 220 F.Supp. 957 (W.D.Pa.1963) (holding that under Pennsylvania *65 law, an employer was not entitled to subrogation in view of its failure to cooperate with plaintiff in her attempt to procure recovery). Such sound reasoning would also apply to the instant matter.
To permit an insurer to "stand in the shoes" of the third-party tortfeasor, under the circumstances of this case would remove all motivation to cooperate as required by section 440.39(7) and then reward that failure to cooperate. Such a result would eviscerate the main purpose of the Workers' Compensation Act. For these reasons, we reverse the trial court.
POLEN, J., and ANDREWS, ROBERT LANCE, Associate Judge, concur.
FARMER, C.J., dissents with opinion.
FARMER, C.J., dissenting.
When an employee subject to the provisions of the Workers Compensation Law is injured in the course of his employment as a result of the negligence of a third-party, the employee may both accept compensation benefits, and pursue a remedy by an action at law against the third-party tortfeasor. § 440.39(1), Fla. Stat. (2003). If the employee accepts compensation benefits and sues a third party tortfeasor for the same injury, the employer or its insurer becomes subrogated to the rights of the employee against the third party. § 440.39(2), Fla. Stat. (2003). In the employees suit against the third party,
"the employee ... shall sue for the employee individually and for the use and benefit of the employer ... or employer's insurance carrier, in the event compensation benefits are claimed or paid."
§ 440.39(3)(a), Fla. Stat. (2003). If the employee does in fact file such a suit, the insurer is authorized in the third party action to file a notice of payment of compensation benefits to the employee:
"which notice shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine to be [the insurer's] pro rata share for compensation and medical benefits paid or to be paid under the provisions of this law, less [the insurer's] pro rata share of all court costs expended by the plaintiff in the prosecution of the suit including reasonable attorney's fees for the plaintiff's attorney."
Id. With this notice, the insurer is entitled to recover the pro rata share of benefits already paid and future benefits to be paid. Id.
The chapter 440 definitions do not specify who will be considered a third party tortfeasor. See § 440.02, Fla. Stat. (2003). A third party is generally "[o]ne who is not a party to a lawsuit, agreement, or other transaction but who is somehow involved in the transaction; someone other than the principal parties." BLACKS LAW DICTIONARY 1489 (7th ed.1999). A tortfeasor is "[o]ne who commits a tort; a wrongdoer." BLACKS LAW DICTIONARY 1497 (7th ed.1999). While ordinarily in Workers Compensation law the employer is not deemed a third party tortfeasor, nevertheless I see no reason why an employer might not fill that role when the employer is sued as here, not for causing the injury to the employee, but instead for a derivative liability arising from some conduct related to the employee's suit against the tortfeasor. In the employee's suit for damages from the destruction of the defective ladder causing his injury, the employer filled just such a role. The essence of the employee's claim was that his settlement with the third party was adversely affected by the employer's destruction of the ladder and that he was not able to recover from the manufacturer the full measure of the damages caused by the defect in the ladder.
*66 The statute from which I have already quoted extensively provides that:
"the employee, employer, and carrier have a duty to cooperate with each other in investigating and prosecuting claims and potential claims against third-party tortfeasors by producing nonprivileged documents and allowing inspection of premises, but only to the extent necessary for such purpose."
§ 440.39(7), Fla. Stat. (2003). This section creates "a separate basis of liability for an employer who would otherwise enjoy workers' compensation immunity." Gen. Cinema Beverages of Miami v. Mortimer, 689 So.2d 276, 278 (Fla. 3d DCA 1995) (holding that an employer's duty to cooperate included a duty to preserve evidence). It created the duty that underlay the employee's spoliation of evidence claim against the employer. The very purpose of that claim was to recover from the party destroying crucial evidence the amount that, with the settlement, would represent the full measure of the damages caused by the third party tortfeasor. Thus the spoliation claim bore a derivative relationship to the third party claim. The employer stood for the moment in the shoes of the ladder manufacturer.
If there had been no destruction of the ladder, and if the claim against the manufacturer had gone to a jury with the same net dollar result, it is clear to me that the insurer would have a right to recover its pro rata share, subject to the provisions of section 440.39(3). That is essentially the principle that the trial court determined in this case, and I see no error in that conclusion. Under section 440.39, the insurer is entitled to recover such amounts realized from both the products liability and the spoliation actions because together they sought to recover the whole of the damages suffered from the negligently made ladder. I think the judgment should be affirmed.

ON MOTIONS FOR REHEARING AND CERTIFICATION
PER CURIAM.
We deny the motion for rehearing but grant the motion for certification and certify the following as a question of great public importance:
May an employer who has been found guilty of destroying evidence critical to its employee's right to recover from a third party tortfeasor, and who has been forced to pay the employee damages for such destruction, be deemed a third party tortfeasor for purposes of a carrier's subrogation rights under § 440.39(3)(a)?
FARMER, C.J., POLEN, J., and ANDREWS, ROBERT LANCE, Associate Judge, concur.
NOTES
[1] Although this court in the prior proceedings held that the derivative nature of the spoliation claim is such that the spoliation claim should be considered the same tort as the underlying products liability claim, that holding was strictly limited to the context of set-off under section 768.041, Florida Statutes (1997), and therefore we do not believe it to be applicable to a determination as to whether an insurer is entitled to recover as subrogee under the Workers' Compensation Act.