LEWIS, J.
Appellants, Anderson Columbia, Inc. (“Anderson Columbia”) and FCCI Insurance Co. (“FCCI”), seek review of an Order Denying Entitlement to Lien and Discharging Lien. Eddie Brewer, Jr., Ap-pellee, was injured by a paving machine within the course and scope of his employment with Anderson Columbia. Appellants claim that because they have been paying workers’ compensation benefits to Appellee for the paving machine injury, they are entitled, under section 440.39, Florida Statutes (1989), to a portion of the funds he received in a legal malpractice settlement with the attorneys who mishandled his claim against the paving machine manufacturer. Because section 440.39 does not grant employers and their insurance carriers such a right, we affirm.
Shortly after his on-the-job injury, Ap-pellee retained representation to pursue a products-liability action against the paving machine manufacturer. Appellee’s attorneys for the products-liability action neglected to file suit before the four-year statute of limitations ran on that claim. As a result, Appellee initiated an action against them for legal malpractice and breach of contract. During the pendency of that action, Appellants filed a Notice of Payment of Workers’ Compensation Benefits & Claim of Lien, pursuant to section 440.39, Florida Statutes (1989). After settling the action against his former attorneys, Appellee filed a motion to discharge the lien, which was granted. In discharging Appellants’ hen, the trial court held that the defendants in the legal malpractice action were not third-party tortfeasors within the meaning of section 440.39(2). We agree.
This appeal presents a question of statutory interpretation. Employers and their workers’ compensation insurers *421 have no common law right to subrogation of claims brought by injured employees against third-party tortfeasors. Shaw v. Cambridge Integrated Serv. Group, Inc., 888 So.2d 58, 62 (Fla. 4th DCA 2004). Their right to subrogation is recognized solely as a creature of statute, and as such, is limited by the terms and conditions set forth in the Workers’ Compensation Act. Id. As in any case involving application of a statute, we are bound to give effect to the legislative intent as expressed through the plain statutory language. Borden v. East-European Ins. Co., 921 So.2d 587, 595 (Fla.2006). Only when that language is ambiguous or “of doubtful meaning” should other considerations enter into the analysis. See Vegas v. Globe Sec., 627 So.2d 76, 85 (Fla. 1st DCA 1993). In any event, courts are not to “add, subtract, [or] distort the words” the Legislature has written. State v. Byars, 804 So.2d 336, 338 (Fla. 4th DCA 2001).
Section 440.39 governs the rights and duties of an employer or its insurance carrier (“E/C”) and a claimant in the event that the claimant’s injuries are attributable to the negligence or wrongdoing of another. Section 440.39(1) provides as follows:
If an employee, subject to the provisions of the Workers’ Compensation Law, is injured or killed in the course of his employment by the negligence or wrongful act of a third-party tortfeasor, such injured employee ... may accept compensation benefits under the provisions of this law, and at the same time such injured employee ... may pursue his remedy by action at law or otherwise against such third-party tortfeasor.
However, if the E/C has paid or is paying workers’ compensation benefits to the injured employee, it “shall be subrogated to the rights of the employee ... to the extent of the amount of compensation benefits paid or to be paid.... ” § 440.39(2). In this situation, any legal action maintained against the third-party tortfeasor by the employee is maintained, in part, for the benefit of the E/C. § 440.39(3)(a). Even so, the right to share in the proceeds from the claimant’s action against the third-party tortfeasor does not automatically inure to the E/C; the E/C must take action to claim this right by filing a notice of payment of compensation and medical benefits. Id. That notice constitutes a lien “upon any judgment or settlement recovered” by the employee in the action against the third-party tortfeasor. Id. If the employee fails to bring action against the third-party tortfeasor within one year after the cause of action has accrued, the employer/carrier may itself initiate the action. § 440.39(4)(a).
There is no provision in section 440.39 specifically addressing any interest an E/C may have in a legal malpractice action arising out of the employee’s claim against a third-party tortfeasor who causes or contributes to the initial workplace injury. Therefore, we must decide whether this appeal by determining whether the type of injury suffered from legal malpractice is the type of injury envisioned by section 440.39(1) and whether the defendants in a claimant’s legal malpractice action are third-party tortfeasors within the meaning of that section. We hold that an injury suffered from legal malpractice does not occur “in the course of [a claimant’s] employment” and that the defendants in a legal malpractice action are not third-party tortfeasors within the meaning of section 440.39.
The Florida Supreme Court has offered the following interpretation of the meaning of an injury “arising out of and in the course of employment,” as used in a prior version of the Workers’ Compensation Act:
(F)or an injury to arise out of and in the course of one’s employment, (1) there *422 must be some causal connection between the injury and the employment [o]r (2) it must have had its origin in some risk incidental to or connected with the employment [o]r that (3) it flowed from it as a natural consequence. Another definition widely approved is that (4) the injury must occur within the period of the employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental to it.
Hill v. Gregg, Gibson & Gregg, Inc., 260 So.2d 193, 195 (Fla.1972) (quoting Fidelity & Cas. Co. of N.Y. v. Moore, 143 Fla. 103, 196 So. 495 (1940)). When a workers’ compensation claimant’s attorney commits malpractice in pursuing a claim against a typical third-party tortfeasor, the resulting injury to the claimant is unrelated to the claimant’s job duties, occurs after the initial injury giving rise to the workers’ compensation claim, and does not affect that original injury. Any attempt on our part to consider a legal malpractice injury as occurring in the course of employment would improperly strain the statutory text beyond its plain meaning.
Nonetheless, Appellants argue that legal malpractice actions should be treated like medical malpractice actions, in which E/Cs are permitted to impose liens. To support the analogy between legal malpractice injuries and medical malpractice injuries, Appellants point out that both of these types of injuries occur subsequent to, and distinct from, the original compensable injury. In our view, this is where the similarities between the two types of injuries end. Injuries flowing from medical malpractice have, for decades, been considered compensable under the Workers’ Compensation Act because they prolong or exacerbate the underlying compensable injury. Am. Mut. Ins. Co. v. Decker, 518 So.2d 315, 318 (Fla. 2d DCA 1987). Unlike the injury suffered from medical malpractice, the injury suffered from legal malpractice does not exacerbate or prolong the underlying workplace injury. Consequently, unlike medical malpractice, legal malpractice does not increase an E/C’s liability under the Workers’ Compensation Act. Accordingly, we are not persuaded by the analogy Appellants draw between legal malpractice and medical malpractice.
Appellee draws a more fitting analogy, arguing that a legal malpractice injury is akin to the injury suffered from spoliation of evidence. We accept this approach, as the injury suffered from both of these torts is the same-the loss of probable expectancy of damages from an underlying claim. See Shaw v. Cambridge Integrated Serv. Group, Inc., 888 So.2d 58, 63 (Fla. 4th DCA 2004) (defining the type of injury suffered from spoliation of the evidence); Kay v. Bricker, 485 So.2d 486, 487 (Fla. 3d DCA 1986) (noting that, in a legal malpractice action, “the measure of damages is the amount which the client would have recovered but for the attorney’s negligence”). In Shaw, the Fourth District had the opportunity to consider whether such an injury arose out of and in the course of employment within the meaning of section 440.39. See 888 So.2d at 63-64. There, the employer’s insurance carrier sought to recover a portion of the damages the claimant received from the employer in an action for spoliation of evidence. Id. at 60-61. The spoliation action was based on the fact that the employer destroyed a defective ladder that had caused the claimant’s injury, causing the claimant to settle his action against the manufacturer for less than the full measure of damages. Id. The Shaw court held that section 440.39 did not give the carrier a right to any of the damages recovered in the spoliation action, as the injury giving rise to the spoliation action was not the original work- *423 related bodily injury, but rather, the plaintiffs inability to prove the case because of the lost or destroyed evidence.” Id. at 63. The Shaw court noted that the claimant’s fall from the ladder did not give rise to the spoliation claim and that the actual injury giving rise to that claim was his “loss of probable expectancy of recovery in the underlying suit.” Id. (citing Humana Worker’s Comp. Serv. v. Home Emergency Serv., Inc., 842 So.2d 778, 781 (Fla.2003), which resolved a similar issue in interpreting an insurance policy). Applying the Shaw court’s reasoning, we conclude that Appellee’s accident with the paving machine did not give rise to the legal malpractice claim such that the legal malpractice injury could be considered an extension of Appellee’s original workplace injury. By the same token, because Ap-pellee’s attorneys did not cause any injury Appellee suffered in the course of his employment, they cannot be considered third-party tortfeasors within the meaning of section 440.39(1).
A contrary holding would violate the principle that, in deciphering statutory language, courts must strive to harmonize the various subsections of a statute, such that a term used on one subsection has the same meaning as the same term used in another. See Hobbs v. Don Mealey Chevrolet, Inc., 642 So.2d 1149, 1158 (Fla. 5th DCA 1994). Section 440.39(4)(b) permits an E/C to initiate legal action against third-party tortfeasors when a claimant has failed to do so within two years following the accrual of the cause of action. Yet there is no question that Appellants would not have been permitted to pursue a legal malpractice action on Appellee’s behalf. Appellants do not contend that they should have been able to do so, and even if they had made such a contention, Florida law is clear that legal malpractice actions are personal to the client and cannot be asserted by another person. See, e.g., Weiss v. Leatherberry, 863 So.2d 368, 371 (Fla. 1st DCA 2003). If the Legislature intended to abrogate this settled principle of common law, it needed to state this intention directly. See Willis Shaw Exp., Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278 (Fla.2003) (holding that statutes in derogation of the common law are strictly construed). Thus, to interpret “third-party tortfeasor” as including the legal malpractice defendants for the purpose of allowing a lien under section 440.39(3) would render the definition of the term for that subsection inconsistent with its meaning in section 440.39(4)(b). This result is untenable.
Appellants contend that our narrow construction of the terms “injury” and “third-party tortfeasor” yields an unreasonable result. We disagree. Section 440.39 requires action on the part of E/Cs who wish to recoup their expenses. There are two options for such action: if the claimant files suit against a third-party tortfeasor, the E/C may file a notice in that action; on the other hand, if the claimant fails to do so, the E/C has a right to initiate the action against the third-party tortfeasor. It is not unreasonable to expect the E/C to take appropriate action to protect its own rights. In this case, the E/C could have prevented the effect of Appellee’s attorneys’ malpractice by filing suit pursuant to section 440.39(4). This option may be one reason that the Legislature chose not to provide for the right Appellants seek.
The trial court’s order is AFFIRMED.
KAHN, LEWIS, and ROBERTS, JJ., concur.