924 So.2d 832 (2005)
Susan YATES, Appellant,
v.
PUBLIX SUPER MARKETS, Appellee.
No. 4D04-2262.
District Court of Appeal of Florida, Fourth District.
December 14, 2005.
Opinion Denying Rehearing March 8, 2006.
*833 Diran V. Seropian of Edna L. Caruso, P.A., West Palm Beach, and Andrew Moss of Kutner, Rubinoff & Bush, P.A., Miami, for appellant.
Richard A. Sherman of the Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and Samuel A. Coffey and Dennis M. O'Hara of Wicker, Smith, O'Hara, McCoy, Graham & Ford, P.A., Fort Lauderdale, for appellee.
FARMER, J.
Plaintiff's decedent was fatally injured on the job because of a defect in a machine made by Serco Company and owned and operated by his employer, Publix Super Markets. She sued Serco and ultimately settled the claim for less than all the damages she had claimed. She then brought suit against Publix for failing to cooperate with her in the litigation against Serco, and for failing to safeguard evidence crucial to the claim, the effect of which caused her to settle without full compensation. Publix in turn moved to dismiss her claim on the theory that the claim was barred by the statute of limitations. Publix also argued that the statutory basis relied on by plaintiff was limited to a claim for spoliation of evidence, which was barred. The trial judge agreed and granted the motion. We reverse.
In count I plaintiff alleged a statutory basis for suit against her husband's employer under section 440.39(7), which provides:
"The employee, employer, and carrier have a duty to cooperate with each other in investigating and prosecuting claims and potential claims against third-party tortfeasors by producing nonprivileged documents and allowing inspection of premises, but only to the extent necessary for such purpose."
§ 440.39(7), Fla. Stat. (2005). In count II plaintiff alleged a spoliation of evidence claim. In Shaw v. Cambridge Integrated Services Group, Inc., 888 So.2d 58, 63 (Fla. 4th DCA 2004), we said:
"A spoliation claim compensates the plaintiff for the loss of recovery in the underlying case due to the plaintiff's inability to prove the case because of the lost or destroyed evidence and not for the `bodily injury' actually sustained. See Lincoln Ins. Co. v. Home Emergency Servs., 812 So.2d 433, 435-36 (Fla. 3d DCA 2001). `Because of the nature of the claim, liability for spoliation does not arise until the underlying action is completed'. Id. at 434-35." [e.s.]
888 So.2d at 63. The widow's complaint alleged that the pending claim was not commenced until after the underlying action was completed. In granting the motion to dismiss on the limitations ground, the trial court stated "the face of the complaint says it's filed June 5, 2003 for a death that occurred in 1998. That's five years and there's a two-year statute of limitations for wrongful [death]." It is obvious that the trial court was under an erroneous impression as to the accrual of the claim in suit. According to our decision in Shaw, the cause of action for spoliation of evidence did not accrue with the death of the decedent but only after the action against the third party tortfeasor was compromised and settled. The complaint did not indicate a limitations bar. It was error to dismiss on this ground.
We note that the trial court held that the only cause of action allowed by section 440.39(7) is a spoliation of evidence claim. The trial court considered the additional theory under this statute of failing to cooperate because it had found the spoliation *834 claim time barred. Because we conclude that the spoliation claim was not time barred, we have no occasion to consider the alternative theory of failing to cooperate.
Reversed.
STONE and MAY, JJ., concur.

ON MOTION FOR REHEARING
FARMER, J.
We deny appellee's motion for rehearing. Appellant's motion for clarification requires rehearing and further comment.
Our opinion on the merits contained the following paragraph:
We note that the trial court held that the only cause of action allowed by section 440.39(7) is a spoliation of evidence claim. The trial court considered the additional theory under this statute of failing to cooperate because it had found the spoliation claim time barred. Because we conclude that the spoliation claim was not time barred, we have no occasion to consider the alternative theory of failing to cooperate.
On motion for clarification, plaintiff argues that her complaint alleged two separate theories of recovery against the employer: a failure to cooperate in the wrongful death action, and a separate failure to preserve evidence. The trial judge ruled that neither theory stated a cause of action and dismissed the complaint accordingly. Upon further review we conclude that our above quoted attempt at judicial parsimony was misplaced.
Spoliation of evidence is simply one form of failing to cooperate under section 440.39(7). If the spoliation claim was not barred on its face by the statute of limitations, then neither was the failure to cooperate claim. Both theories have been sufficiently pleaded to escape being dismissed for failure to state a cause of action. Shumrak v. Broken Sound Club Inc., 898 So.2d 1018, 1020 (Fla. 4th DCA 2005) (court must accept allegations in complaint as true and consider them in light most favorable to plaintiff). Under rule 1.140(b)(6) dismissal should be granted only when it has been conclusively demonstrated that plaintiff could prove no set of facts whatsoever in support of the cause of action. See Ingalsbe v. Stewart Agency, Inc., 869 So.2d 30, 35 (Fla. 4th DCA 2004).
Thus at this point, we have determined only that plaintiff has pleaded enough to be able to offer evidence on her claims. Whether she has any evidence, and whether such evidence legally amounts to a failure to cooperate or spoliation within section 440.39(7) can all be tested after some discovery on a motion for summary judgment.
On remand the trial judge should be guided accordingly.
STONE and MAY, JJ., concur.