968 So.2d 668 (2007)
Orlando JIMENEZ and Magaly Jimenez, his wife, Appellants,
v.
COMMUNITY ASPHALT CORP., Condotte America, Inc. and Rinker Materials of Florida, Inc., f/k/a CSR America, Inc. and Rinker Materials Corporation, Appellees.
No. 4D06-3262.
District Court of Appeal of Florida, Fourth District.
November 14, 2007.
*669 Philip D. Parrish of Philip D. Parrish, P.A., Miami, and Henry A. Seiden of The *670 Seiden Law Firm, West Palm Beach, for appellants.
Jodi G. Barrett and Peter A. Cooke of Adams, Coogler, Watson, Merkel, Barry & Kellner, P.A., West Palm Beach, for appellee Rinker.
GUNTHER, J.
Orlando Jimenez and Magaly Jimenez appeal an order dismissing with prejudice Counts V, VI, VII, and VIII of their Third Amended Complaint. We reverse the dismissals and remand to the trial court to abate Counts V, VI, VII, and VIII.
In Counts V (Orlando) and VI (Magaly), the duty to cooperate counts, the appellants claim that Orlando's employer, Rinker Materials of Florida ("Rinker"), breached its statutory duty to cooperate because Rinker failed to cooperate and preserve evidence critical to two separate suits filed by the appellants. One suit is based on a 2000 accident, but Rinker is not a defendant in that case. The second suit, this case, arises from a 2001 accident and Rinker is a first-party defendant. In Counts VII (Orlando) and VIII (Magaly), the appellants bring spoliation claims against Rinker for failing to preserve evidence critical to both suits. Appellants maintain that all four of these counts are founded on alleged violations of section 440.39(7), Florida Statutes (2006).
In 2001, Orlando was injured when a truck owned by his employer, Rinker, overturned while he was driving it. Orlando alleged that his injuries were sustained during the scope of his employment, and sued Rinker under the intentional misconduct exception to worker's compensation immunity. The complaint raised claims against Rinker for intentional concealment of dangers, intentional infliction of emotional distress, breach of the duty to cooperate claims, and spoliation of evidence. Appellants also brought a negligence action against two third party defendants that are not the subject of this appeal.
The standard of review of an order dismissing a complaint for failure to state a cause of action is de novo. Della Ratta v. Della Ratta, 927 So.2d 1055, 1058 (Fla. 4th DCA 2006). The reviewing court "must accept the allegations of the complaint as true, but do[es] not defer to the trial court's conclusions regarding the sufficiency of the allegations." Id. (internal citations omitted). In other words, a "dismissal should be granted only when it has conclusively been demonstrated that plaintiff can prove no set of facts whatsoever in support of the cause of action." Yates v. Publix Super Markets, 924 So.2d 832, 834 (Fla. 4th DCA 2006) (on rehearing).
Section 440.39(7), Florida Statutes (2006)[1] part of the Worker's Compensation Statute, imposes a duty of cooperation on the employer and employee in claims against third party tortfeasors, which includes a duty to preserve evidence critical to the suit. Builder's Square, Inc. v. Shaw, 755 So.2d 721 (Fla. 4th DCA 1999). "One of the most important rules and conditions stated in the Workers Compensation statute is the duty to cooperate" found in section 440.39(7). Shaw v. Cambridge Integrated Servs. Group, Inc., 888 So.2d 58, 64 (Fla. 4th DCA 2004). Section 440.39(7) states:
(7) The employee, employer, and carrier have a duty to cooperate with each other in investigating and prosecuting claims and potential claims against third-party tortfeasors by producing nonprivileged documents and allowing inspection of premises, but only to the extent necessary for such purpose.
*671 Regarding spoliation claims, the Florida Supreme Court, in Martino v. Wal-Mart Stores, Inc., 908 So.2d 342 (Fla.2005), held that an independent cause of action for spoliation could not be maintained against a first-party defendant until the underlying negligence action is decided. The supreme court explained that discovery sanctions under the rules of civil procedure provide enough protection against a defendant who destroys, damages, or misplaces evidence. As to the distinction between first-party spoliation and third-party spoliation the supreme court said:
First-party spoliation claims are claims in which the defendant who allegedly lost, misplaced, or destroyed the evidence was also a tortfeasor in causing the plaintiff's injuries or damages. These actions are contrasted with third-party spoliation claims, which occur when a person or an entity, though not a party to the underlying action causing the plaintiff's injuries or damages, lost, misplaced, or destroyed evidence critical to that action.
Id. at 346 n. 2. See also Fini v. Glascoe, 936 So.2d 52 (Fla. 4th DCA 2006).
In dismissing the spoliation counts (Counts VII and VIII) with prejudice, the trial court in this case did so on the ground that the plaintiffs failed to allege the essential elements of a spoliation claim. Citing Royal & Sunalliance v. Lauderdale Marine Center, 877 So.2d 843 (Fla. 4th DCA 2004), the trial court stated the essential elements of a spoliation claim are (1) existence of a potential civil action, (2) a legal or contractual duty to preserve evidence which is relevant to the potential civil action, (3) destruction of that evidence, (4) significant impairment in the ability to prove the lawsuit, (5) a causal relationship between the evidence destruction and the ability to prove the lawsuit, and (6) damages. In particular, the trial court found that the plaintiffs failed to establish a legal duty to preserve evidence because they had never requested that Rinker preserve any evidence until one to four years subsequent to the potential civil action, that the plaintiffs did not demonstrate a causal relationship between the evidence destruction and the inability to prove the lawsuit, and that the plaintiffs could not prove damages. An additional ground stated by the trial court for dismissal of the spoliation claim arising out of the 2001 accident was that a spoliation claim will not lie where the alleged spoliator and the defendant in the underlying claim are one and the same.
The appellants do not contest that Rinker is a first-party defendant as to the 2001 accident case.[2] Nevertheless, they bring the spoliation counts simultaneously with the underlying action which is contrary to the teachings of Martino. In attempting to distinguish Martino, appellants argue that Martino was a common law spoliation claim; whereas in this case the spoliation claims are made pursuant to section 440.39(7).
To support this distinction, the plaintiffs rely on Yates. The plaintiff in Yates filed a claim based on an alleged violation of section 440.39(7). The claim, however, was filed after the underlying negligence claim had been settled. Citing common law spoliation cases, this Court concluded that a claim for spoliation pursuant to section 440.39(7) "does not arise until the underlying action is completed." 924 So.2d at 833 (internal quotations omitted). Hence, by implication Yates stands for the proposition that the elements of common law spoliation must be met before proceeding with *672 a spoliation claim pursuant to section 440.39(7). Therefore, under both Martino and Yates, the appellants are barred from bringing the spoliation claims as to the 2001 accident because Rinker is a first-party defendant in the underlying action. Consequently, the trial court correctly determined that the spoliation claims as they relate to the 2001 accident cannot be maintained until the underlying negligence claim is decided.
Analyzing the 2000 accident is a little different because Rinker is not a first-party defendant in that pending action, unlike this case. However, spoliation claims made pursuant to section 440.39(7) must still meet the elements of common law spoliation as set forth above. See Royal & Sunalliance, 877 So.2d at 845; Yates, 924 So.2d at 833. In Shaw v. Cambridge Integrated Services Group, Inc., 888 So.2d 58 (Fla. 4th DCA 2004), this Court explained that due to the nature of spoliation claims the damage in a spoliation claim is the inability to use the evidence in the underlying proceedings. Id. at 63. For this reason, damages in a spoliation claim can only be determined after the underlying claim is decided. Id. Until the underlying claim is decided, the appellants will be unable to show how they were damaged by the alleged lost evidence. Thus, the spoliation claims arising from the 2000 accident are premature because the last element, damages, inter alia, cannot be shown until the underlying claim is complete.
Therefore, concerning the spoliation counts as to both the 2000 and 2001 accidents, we conclude the trial court was correct in determining that they were premature because the underlying negligence claims are not yet resolved.
As to the duty to cooperate, Counts V and VI, we note that the duty to cooperate pursuant to section 440.39(7), Florida Statutes (2006) encompasses more than just a duty to preserve evidence. See Yates, 924 So.2d at 834 (on rehearing) ("Spoliation of evidence is simply one form of failing to cooperate under section 440.39(7)"). The complaint alleges that Rinker investigated both accidents, that as a result of the investigation Rinker had certain evidence in its possession,[3] and that Rinker failed and refused to provide this evidence, thereby impairing appellants' negligence action against the third parties. The complaint is clear that appellants' allegation of Rinker's failure to cooperate deals solely with Rinker's failure to maintain or obtain evidence that is essential to appellants' claims against a third party. In other words, the duty to cooperate counts are essentially spoliation claims because they are based on the inability of the appellants to obtain critical evidence that Rinker should have obtained, maintained, and provided. Therefore, because the duty to cooperate counts are in fact spoliation claims, these claims too are premature and may not be pursued until the underlying negligence action is complete.
The question is whether dismissal of the claims is the proper remedy. Two courts have held that the proper remedy for bringing claims prematurely is abatement rather than dismissal. Shuck v. Bank of America, N.A., 862 So.2d 20 (Fla. 2d DCA 2003) (holding that the proper remedy for bringing an action prematurely is not dismissal with prejudice, but abatement or stay of the claim); see also Blumberg v. USAA Cas. Ins., 790 So.2d 1061 (Fla.2001). Consequently, we reverse the dismissal with prejudice of the affected *673 counts and remand to the trial court to issue an order of abatement of those counts. At such time as these claims have properly matured, all other related issues concerning the essential elements of claims and timeliness can be addressed.
Reversed and remanded for entry of an order staying the claims as premature.
WARNER and GROSS, JJ., concur.
NOTES
[1] The statute has not been changed since 1991.
[2] In Count IX, Jimenez alleges that Rinker intentionally concealed dangers that resulted in his injury, thereby, making Rinker a first-party defendant.
[3] Evidence included written or recorded statements of witnesses, government reports, document accounts of the accidents, as well as photographs/video/film of the scene, etc.