*1029 ROTHENBERG, J.
Cooper Tire & Rubber Co. (“Cooper”) seeks certiorari review of two discovery-orders compelling Cooper to respond to requests for production propounded by Sandra Rodriguez (“the plaintiff’). We dismiss the petition in part, and deny the petition in part.
In 2003, the plaintiff was injured in a rollover accident while traveling in the backseat of a Ford Explorer. Cooper designed and manufactured the Cobra model radial tires on that vehicle, one of which separated during the course of the accident. In 2004, the plaintiff filed a lawsuit alleging that Cooper negligently designed and manufactured the radial tires involved in the accident.
Cooper objected to the plaintiffs requests for production on the grounds that they were irrelevant, overbroad, unduly burdensome, and that they sought protected trade secrets. Because Cooper claimed that the documents contained protected trade secrets, the plaintiff moved for the entry of a protective order with a sharing provision. The trial court denied the plaintiff a sharing provision without prejudice, and entered a general protective order instead.
At the hearing on the plaintiffs motion to compel production, Cooper argued that: (1) discovery should be limited to the two-year period surrounding the week of the subject tires’ manufacture; (2) the plaintiff failed to show that confidential records were necessary to prove her ease; (3) discovery should be limited to information regarding “similar tires,” which are tires manufactured to the same Green Tire Specification (“GTS”); and (4) discovery should be limited to the plant where the subject tires were actually manufactured.
In its March 7, 2008 order, the trial court found that: (1) Cooper’s definition of “similar tires” was too narrow, and discovery would encompass documents related to any model of Cooper tire containing the defects alleged in the complaint; (2) the discovery period will run from 1995 through 2000; (3) the ordered discovery is not unduly burdensome, since many of the documents were produced in a previous case; and (4) to the extent Cooper proved that the documents were protected, the plaintiff met her burden of proving necessity.
Cooper moved for reconsideration, attaching an affidavit of its discovery counsel (“Thacker”), which explained that compliance would be extremely burdensome, time-consuming, and expensive. The plaintiff then took Thacker’s deposition. On May 22, 2008, upon reconsideration of its earlier order, the trial court entered a second order finding that Cooper conceded that the re-production of some previously produced documents would not constitute an undue burden. Thus, the trial court ordered the limited production of those documents, along with certain adjustment records, claims records, and quarterly adjustment reports, within ten days. The May 22nd order provides in critical part as follows: “The Court’s order of March 7, 2008 remains in effect, except as modified herein, however, pending further order of the Court, Cooper need not produce other documents compelled by the March 7th, 2008 order.” (Emphasis added). This petition, directed toward both of the trial court’s discovery orders, followed.

The March 7, 2008 Order

As an initial matter, Cooper argues that because the May 22nd order states that the March 7th order “remains in effect,” the March 7th order is subject to this Court’s certiorari review. We disagree, holding that the above-emphasized language in the trial court’s May 22nd order prevents Cooper from making a suf *1030 ficient showing of irreparable harm. At this time, Cooper has not been compelled to produce a single document other than those identified in the May 22nd order. Furthermore, according to the specific language in the May 22nd order, Cooper cannot be compelled to produce any additional materials unless the trial court issues a separate order. As such, we are confident that if the trial court determines that Cooper must produce additional documents, it will honor its word and do so by separate order.
Accordingly, as it relates to the March 7th order, Cooper’s petition is hereby dismissed as premature, and we decline to comment in any way on the merits of that order. See Topps v. State, 865 So.2d 1253, 1257 n. 5 (Fla.2004) (noting that the dismissal of a petition for certiorari is appropriate due to prematurity). Our ruling, however, is without prejudice to Cooper’s right to seek this Court’s review of a future discovery order of the trial court, or any other ruling that compels enforcement of the March 7th order, or otherwise expands discovery beyond the purview of the May 22nd order. Should Cooper find that such an order or ruling demands appellate review, this Court, despite the concerns of the dissent, will retain jurisdiction over a subsequent petition for writ of certiorari. See Bared & Co. v. McGuire, 670 So.2d 153, 157-58 (Fla. 4th DCA 1996) (en banc) (clarifying that “a dismissal of a petition for certiorari represents only a determination that we lack jurisdiction and nothing more” and that such a dismissal does not establish the law of the case).

The May 22, 2008 Order

“[Cjertiorari is the appropriate remedy when a discovery order ‘departs from the essential requirements of law, and thus causes material injury to the petitioner throughout the remainder of the proceedings, effectively leaving no adequate remedy on appeal.’ ” Allstate Ins. Co. v. Boecher, 733 So.2d 993, 999 (Fla.1999) (quoting Allstate Ins. Co. v. Langston, 655 So.2d 91, 94-95 (Fla.1995)). Cooper argues that certiorari is proper here because the May 22nd order is unduly burdensome, overly broad, and irreparably harmful because it compels the production of protected trade secrets. We disagree.
1. No departure from the essential requirements of law
Before the trial court, Thacker conceded that producing a number of documents that were produced to the plaintiffs counsel in previous defective tire litigation would not be unduly burdensome. A portion of those documents relate to tread belt separations that involved Cooper tires similar, but not identical, to those involved in the instant case. The plaintiffs counsel specifically identified those documents by case, and in addition, by bates number. Accordingly, Cooper cannot credibly argue that the re-production of these documents would be unduly burdensome.
Cooper also argues that the May 22nd order departs from the essential requirements of law in that it uses an impermissible, overbroad definition of a similar tire. Florida Rule of Civil Procedure 1.280 provides that a request for even inadmissible discoverable material is not objectionable if it “appears reasonably calculated to lead to the discovery of admissible evidence.” In this case, the discovery compelled by the May 22nd order is limited to the five-year discovery period from 1995 to 2000, and most of the documents were specifically identified from documents produced by Cooper in previous litigation. Accordingly, unless those documents are inadmissible and cannot be reasonably calculated to lead to admissible discovery, there is no departure from the essential requirements of law.
*1031 After a thorough review of the relevant testimony and applicable cases, it is clear that the production compelled by the trial court’s May 22nd order is not so broad as to amount to a departure from the essential requirements of law. The manufacturing techniques and procedures employed to construct the Cobra model radial tires involved in the plaintiffs accident are not unique to the tires manufactured to the same GTS. Therefore, although the May 22nd order compels the discovery of documents related to Cooper tires other than those manufactured to the same GTS, we cannot say that the order is so broad that it compels the production of materials that cannot possibly lead to the discovery of admissible evidence. Thus, the May 22nd order does not depart from the essential requirements of law.
2. No irreparable harm
Finally, Cooper contends that because the May 22nd order compels the production of documents that contain protected trade secrets, compliance with that order will cause irreparable harm to its interests. We disagree. The trial court has specifically found that upon Cooper’s submission of an appropriate privilege log, it will not compel the mandatory disclosure of those documents until it conducts an in-camera inspection. It is similarly clear that the plaintiff has agreed that her receipt of any documents produced by Cooper will be subject to compliance with the trial court’s protective orders. This Court is convinced that sufficient safeguards are in place to protect Cooper from the harmful disclosure of any protected or privileged materials.

Conclusion

Because the May 22nd order is neither unduly burdensome nor overly broad, it is in accord with the essential requirements of law. In addition, because Cooper’s interests are adequately protected by the trial court, Cooper has failed to demonstrate that complying with the May 22nd order would cause irreparable harm. Therefore, Cooper’s petition is denied to the extent that it challenges the May 22nd order.
We dismiss Cooper’s challenge to the March 7th order as premature because the trial court’s subsequent modifications prevent Cooper from sufficiently showing irreparable harm. Any ruling enforcing the March 7th order or compelling discovery beyond the scope of the May 22nd order will come by further order of the trial court. If Cooper decides that a future discovery order demands appellate review, this Court retains jurisdiction to entertain a petition at the appropriate time. Cooper’s remaining arguments are devoid of merit.
Petition dismissed in part and denied in part.
CORTIÑAS, J., concurs.