# Third District Court of Appeal

## State of Florida

Opinion filed April 4, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1598
Lower Tribunal No. 16-7563
_____

**Amerisure Insurance Company, etc.,**
Petitioner,

vs.

**Lazaro Rodriguez,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Gisela Cardonne Ely, Judge.

Cole Scott & Kissane, P.A., and Benjamin M. Esco, Pedro J. Collazo, and Scott Cole; Emerson & Elder, P.C., and Donald E. Elder (Chicago, IL), for petitioner.

Dorta Law, and Matias R. Dorta and Gonzalo R. Dorta; De La Heria, Glinn & Pedraza, and Raul De La Heria, for respondent.

Before SALTER, LOGUE, and SCALES, JJ.

LOGUE, J.

Amerisure Insurance Company seeks certiorari review of the trial court's order denying its motion to dismiss or abate the spoliation of evidence claim asserted by the plaintiff, Lazaro Rodriguez. Because Amerisure has failed to meet the threshold requirement of showing that the trial court's order creates irreparable harm, we dismiss the petition for lack of jurisdiction.

## Background

While working for BV Oil, Inc. on the premises of Cosme Investments, LLP, the plaintiff was involved in an accident and suffered personal injuries. He filed a claim for workers' compensation benefits and is receiving benefits paid by BV Oil's workers' compensation carrier, Amerisure Insurance Company.

The plaintiff also sued Cosme Investments, asserting claims of negligence and strict liability for the injuries he suffered as a business invitee on Cosme's premises. He then amended his complaint to add BV Oil and Amerisure as defendants. The plaintiff alleged that BV Oil and Amerisure had possessed, and negligently lost, a video which showed how the accident occurred. The loss of the video, according to the plaintiff, impaired his ability to prosecute his claim against Cosme and defend against Cosme's claim of comparative negligence.

Amerisure filed a motion to dismiss or abate, arguing that the spoliation claim was unripe for adjudication until the plaintiff's premises liability claims had

2

been resolved. Following a hearing, the trial court denied Amerisure's motion. This petition for writ of certiorari followed.

## Analysis

Before reaching the merits of the petition, we must first determine whether we have jurisdiction. As is well established, "[t]o prevail in its petition for a writ of certiorari, a party must demonstrate that the contested order constitutes (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case, (3) that cannot be corrected on post-judgment appeal." Damsky v. University of Miami, 152 So. 3d 789, 792 (Fla. 3d DCA 2014). The latter two elements "are sometimes referred to as irreparable harm." Id. If a petitioner is unable to demonstrate irreparable harm, "the court must dismiss the petition for lack of jurisdiction." Id.

Here, Amerisure alleges that it will be irreparably harmed if it is forced to respond to discovery propounded by the plaintiff. Amerisure argues that discovery is premature and that "the information requested is irrelevant to Plaintiff's [complaint], or is otherwise protected by the attorney-client, work-product or other privileges." Further, Amerisure has "objected to producing a corporate representative on the seventeen (17) substantive diverse topics set forth in Plaintiff's Notice of Deposition as the notice would potentially require the depositions of multiple representatives, and were objectionable on their face."

3

Although discovery has been propounded, there is no order compelling Amerisure to respond to the discovery, nor has there been any ruling on the objections to the discovery.

While it is true that "[a]n order erroneously compelling discovery of privileged information is reviewable by certiorari because an order requiring disclosure of privileged information may cause irreparable injury," Heartland Express, Inc. of Iowa v. Torres, 90 So. 3d 365, 367 (Fla. 1st DCA 2012), no such order exists in this case. Amerisure is only able to show a possibility that the trial court may enter such an order. This does not rise to the level of irreparable harm. As we noted in State Farm Florida Insurance Company v. Seville Place Condominium Association, 74 So. 3d 105, 108, (Fla. 3d DCA 2011), "[t]o the extent that we previously have granted such a petition when irreparable harm seems possible rather than imminent, we recede from such decisions." (Emphasis added).

Amerisure also argues it is being forced to defend the spoliation claim in the same trial where the plaintiff prosecutes his negligence and liability claims against Cosme. As with the discovery issue, there is no trial order yet in place. The possibility that litigation may result in a unitary trial which, in turn, may well constitute irreparable harm is insufficient to confer jurisdiction for certiorari review. Id.

Dismissed.