LOGUE, J.
*503 Amerisure Insurance Company filed two petitions for writs of certiorari seeking review of three orders. The issue is whether a third-party spoliation action against a defendant who negligently destroyed evidence can be litigated and tried at the same time as the underlying case against the tortfeasor who caused the personal injury. Because the spoliation case does not accrue until the underlying tort case is resolved, we hold the cases cannot be litigated and tried together. We consolidate the cases, grant the petitions, and quash the orders under review.
FACTS AND PROCEDURAL BACKGROUND
According to the operative complaint, Lazaro Rodriguez sued Cosme Investment for personal injuries he suffered when he was knocked from the top of a gasoline tanker truck he was fueling on Cosme's gasoline storage warehouse. At the time of the accident, Rodriguez was an employee of BV Oil, Inc. While his case against Cosme was pending, Rodriguez collected worker's compensation benefits from BV Oil through its worker's compensation carrier, Amerisure Insurance Company.
Rodriguez learned that BV Oil and Amerisure had possession of a videotape of his accident, which would help him prove his case against Cosme. BV Oil and Amerisure, however, negligently lost or destroyed the videotape. Rodriguez therefore amended his complaint to add a count suing BV Oil and Amerisure for damages alleging the loss of the video "significantly impairs the Plaintiff's ability to prove his claim and/or to address the comparative negligence defense, thereby affecting Plaintiff's potential recovery in this case."
On May 11, 2018, over objection, trial was scheduled for Rodriguez's premises liability case against Cosme at the same time as his spoliation claim against BV Oil and Amerisure. In response, Amerisure filed a petition for writ of certiorari seeking to quash that order. On June 28, 2018, and again on July 19, 2018, over objection, the trial court ordered Amerisure to provide discovery relating to Rodriguez's spoliation claim, including the identity of the claims managers and adjustors who handled Rodriguez's worker's compensation claim, even though the underlying premises liability case had not been resolved. In response, Amerisure filed another petition for writ of certiorari to quash those orders. We consolidated the petitions.
ANALYSIS
This case comes before us for the second time. Amerisure had previously filed a petition for writ of certiorari seeking similar relief, Amerisure Ins. Co. v. Rodriguez, 242 So.3d 481, 483 (Fla. 3d DCA 2018). In that case, however, the trial court had not yet entered any orders compelling discovery relating to the spoliation claim. Likewise, the court had not set the spoliation claim to be tried with the underlying tort claim. Without such orders, we dismissed for lack of jurisdiction because the "possibility" that the trial court might enter such orders did not "rise to the level of irreparable harm" required for certiorari. Id. at 483. Now, the trial court has entered those orders. Requiring Amerisure to provide discovery and proceed to trial regarding a claim that has not accrued, and may never accrue if Rodriguez is successful in his underlying claim,[1] *504 would constitute irreparable harm. See generally Castle Key Ins. Co. v. Benitez, 124 So.3d 379, 380 (Fla. 3d DCA 2013) ; Gen. Star Indem. Co. v. Atl. Hosp. of Fla., LLC, 93 So.3d 501, 503 (Fla. 3d DCA 2012).
At the outset, we note the difference between first-party and third-party spoliation claims. "First-party spoliation claims are claims in which the defendant who allegedly lost, misplaced, or destroyed the evidence was also a tortfeasor in causing the plaintiff's injuries or damages." Martino v. Wal-Mart Stores, Inc., 908 So.2d 342, 346 n.2 (Fla. 2005). In contrast, third-party spoliation claims "occur when a person or an entity, though not a party to the underlying action causing the plaintiff's injuries or damages, lost, misplaced, or destroyed evidence critical to that action." Id. The Florida Supreme Court has held that no independent cause of action for spoliation will lie against a first-party tortfeasor. Id. at 346-47. Instead, spoliation in that context should be addressed by the trial court imposing sanctions and presumptions. Id. Here, we are dealing with a classic third-party spoliation claim.
In a case remarkably similar to the one before us, the Fourth District upheld the dismissal of an employee's third-party suit for spoliation against his employer when the employee's underlying suit for personal injuries against the tortfeasor was still pending. Jimenez v. Cmty. Asphalt Corp., 968 So.2d 668, 672 (Fla. 4th DCA 2007). The court reasoned that
due to the nature of spoliation claims the damage in a spoliation claim is the inability to use the evidence in the underlying proceedings. For this reason, damages in a spoliation claim can only be determined after the underlying claim is decided. Until the underlying claim is decided, the appellants will be unable to show how they were damaged by the alleged lost evidence.
Id. (citations omitted). Accordingly, it affirmed the dismissal as the third-party spoliation claim was "premature because the underlying negligence claims are not yet resolved." Id. Jimenez reflects the consensus of authority that holds third-party spoliation claims should be abated or dismissed until the underlying tort claim is resolved.[2] We join this weight of authority and hold that third-party spoliation claims should generally be abated or dismissed until the underlying tort claim is resolved.
In so holding, we are not overlooking our decisions in Miller v. Allstate Ins. Co., 573 So.2d 24, 28 (Fla. 3d DCA 1990) and Yoder v. Kuvin, 785 So.2d 679, 681 (Fla. 3d DCA 2001) which indicated that products liability claims and third-party spoliation claims concerning the allegedly defective products could be tried together. Yoder relied upon Miller, and Miller's status as ongoing authority is doubtful at *505 best. On this point, Miller relied upon a California case that was later reversed.[3] Moreover Miller is contrary to subsequent decisions of this court holding, when applying the statute of limitations, that a cause of action for spoliation does not accrue until the underlying action is resolved.[4] Generally, a cause of action cannot be maintained and tried before it accrues.[5] Because the issue is not before us, we refrain from deciding whether Miller and Yoder are overruled, or merely confined to situations where the underlying claim is based on products liability and the spoliation claim involves the loss of the defective product.
For these reasons, the orders under review are quashed.
Certiorari granted.

See Cont'l Ins. Co. v. Herman, 576 So.2d 313, 314 (Fla. 3d DCA 1990) (holding that plaintiff who had successfully recovered damages from the party who caused her injuries did not have a cause of action for spoliation against third-party who negligently destroyed evidence).

See Jost v. Lakeland Reg'l Med. Ctr., Inc., 844 So.2d 656, 658 (Fla. 2d DCA 2003) ("Ms. Jost's [third-party] spoliation allegations against [the insurer of the defendant hospital] will not be ripe until the underlying medical malpractice case has been resolved. Accordingly, the trial court is directed to dismiss these claims without prejudice so that, if appropriate, they can be raised at a later date."); see generally Yates v. Publix Super Mkts., 924 So.2d 832, 833 (Fla. 4th DCA 2005) (holding "the cause of action for spoliation of evidence did not accrue with the death of the decedent but only after the action against the third party tortfeasor was compromised and settled."); Shaw v. Cambridge Integrated Servs. Grp., Inc., 888 So.2d 58, 63 (Fla. 4th DCA 2004) ("Because of the nature of the claim, liability for spoliation does not arise until the underlying action is completed.") (citations and quotations omitted); Townsend v. Conshor, Inc., 832 So.2d 166, 167-68 (Fla. 2d DCA 2002) (noting that "a spoliation claim is an independent cause of action for negligence that does not arise until the underlying action is completed.") (citations and quotations omitted).

Smith v. Superior Court, 151 Cal.App.3d 491, 198 Cal.Rptr. 829, 834 (Ct. App. Dep't Super. Ct.1984), disapproved of by Cedars-Sinai Med. Ctr. v. Superior Court, 18 Cal.4th 1, 74 Cal.Rptr.2d 248, 259 n.3, 954 P.2d 511 (Cal.1998) ; see Miller, 573 So.2d 24, 28, n.7.

Lincoln Ins. Co. v. Home Emergency Servs., Inc., 812 So.2d 433, 434-35 (Fla. 3d DCA 2001) ("Because of the nature of the claim, liability for spoliation does not arise until the underlying action is completed."); Yoder, 785 So.2d at 680 ; see generally Miller v. Allstate Ins. Co., 650 So.2d 671, 674 (Fla. 3d DCA 1995) (reversing a spoliation damage award because the underlying products liability case being resolved).

See, e.g., Angrand v. Fox, 552 So.2d 1113, 1115 (Fla. 3d DCA 1989) ("As a rule, an action cannot be maintained if it is commenced before the accrual of the cause of action which is sought to be enforced, and such premature commencement is a ground for the abatement of the action.") (citations omitted).