# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 19-366


**DERRELL THOMAS**

**VERSUS**

**JADE LASHA DUHON**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 77865-B
HONORABLE CHUCK RANDALL WEST, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Phyllis M. Keaty, and
D. Kent Savoie, Judges.

**AFFIRMED.**


**Justin Bo West**
**521 East Main Street – Suite A**
**Ville Platte, LA 70586**
**Telephone: (337) 363-0484**
**COUNSEL FOR:**
    **Plaintiff/Appellee – Derrell Thomas**

**Curtis L. Guillory**
**1011 Lakeshore Drive – Suite 402**
**Lake Charles, LA 70601**
**Telephone: (337) 453-7939**
**COUNSEL FOR:**
    **Defendant/Appellant – Jade Lasha Duhon**

**THIBODEAUX, Chief Judge.**

In this custody dispute, the mother, Jade Lasha Duhon, appeals the judgment of the trial court awarding the parties with joint custody of their two minor children and designating the father, Derrell Thomas, as the domiciliary parent. Finding no abuse of discretion by the trial court, we affirm.

I.

## ISSUES

We must decide whether the trial court abused its discretion in determining the best interest of the children and awarding domiciliary custody of the minor children to their father, Derrell Thomas, rather than their mother, Jade Lasha Duhon.

II.

## FACTS AND PROCEDURAL HISTORY

Mr. Thomas and Ms. Duhon were in a serious relationship and lived together in Mamou, Louisiana for several years. The two never married. During their relationship, the parties had two children together, Derrell Thomas Jr. (age 6) and Janelle Lasha Thomas (age 5). Following allegations of Mr. Thomas's infidelity, the couple decided to end their relationship. Prior to Ms. Duhon moving out in September 2018, the couple agreed that Ms. Duhon would take the children with her to Lake Charles, Mr. Thomas would have alternating weekend visitation, and Mr. Thomas would pay monthly child support in the amount of $500. This agreement proved unworkable for the parties.

On November 2, 2018, Mr. Thomas filed a petition for an ex parte order of temporary custody which was granted on November 5, 2018. Prior to this, Ms. Duhon met with a caseworker in Lake Charles to file a child support claim, and informed Mr. Thomas he would be receiving "some papers." Ms. Duhon was assigned an attorney who filed her claim on November 15, 2018. On December 17, 2018, the parties were granted interim joint custody, with Mr. Thomas having interim domiciliary custody. After a two-day trial, on February 5, 2019, the trial court granted the parties joint custody of the children. Mr. Thomas was named the domiciliary parent, and Ms. Duhon was granted visitation. Ms. Duhon has appealed.

III.

## STANDARD OF REVIEW

It is well established by the jurisprudence of this state that the standard of review in child custody cases is an abuse of discretion.

> The trial court is in a better position to evaluate the best interest of the child from its observances of the parties and witnesses; thus, a trial court's determination in a child custody case is entitled to great weight on appeal and will not be disturbed unless there is a clear abuse of discretion.

*Hawthorne v. Hawthorne*, 96-89, p. 12 (La.App. 3 Cir. 5/22/96), 676 So.2d 619, 625, *writ denied*, 96-1650 (La. 10/25/96), 681 So.2d 365.

"'As long as the trial court's factual findings are reasonable in light of the record when reviewed in its entirety, the appellate court may not reverse, even though convinced it would have weighed the evidence differently if acting as the trier of fact.'" *Carranza v. Carranza*, 18-971, p. 5 (La.App. 3 Cir. 6/5/19), 276

2

So.3d 1028, 1032, (quoting *Lowe v. Lowe*, 51,588, p. 12 (La.App. 2 Cir. 9/27/17), 244 So.3d 670, 678).

IV.

## LAW AND DISCUSSION

## BEST INTEREST OF THE CHILD FACTORS

Ms. Duhon urges that the trial court abused its discretion by naming Mr. Thomas domiciliary parent of the parties' two minor children. She first argues that the trial court erred by not recognizing the parties' former agreement. Both parties testified in court that they previously agreed Ms. Duhon would move out with the children, and Mr. Thomas would have alternating weekend visitation. Ms. Duhon contends that this testimony constituted a judicial confession, thus requiring proof of a material change in circumstances in order to name Mr. Thomas the domiciliary parent.

The law requires there be a material change in circumstances when ordering a modification in custody. However, this case involves an initial setting of custody, and not a modification. Although the parties may have previously agreed on a custodial arrangement, it is clear from the record that the parties were not in agreement as to custody at the time of the trial, and there was neither a prior stipulated or considered custody decree from the court. When making an initial determination of custody, the primary consideration is the best interest of the child. La.Civ.Code art. 131. To assist in making this determination, La.Civ.Code art. 134(A) lists the following relevant factors which the court shall consider in determining the best interest of the child:

> (1) The potential for the child to be abused, as defined by Children's Code Article 603, which shall be the primary consideration.

3

(2) The love, affection, and other emotional ties between each party and the child.

(3) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.

(4) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.

(5) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.

(6) The permanence, as a family unit, of the existing or proposed custodial home or homes.

(7) The moral fitness of each party, insofar as it affects the welfare of the child.

(8) The history of substance abuse, violence, or criminal activity of any party.

(9) The mental and physical health of each party. Evidence that an abused parent suffers from the effects of past abuse by the other parent shall not be grounds for denying that parent custody.

(10) The home, school, and community history of the child.

(11) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.

(12) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party, except when objectively substantial evidence of specific abusive, reckless, or illegal conduct has caused one party to have reasonable concerns for the child's safety or well-being while in the care of the other party.

(13) The distance between the respective residences of the parties.

(14) The responsibility for the care and rearing of the child previously exercised by each party.

Ms. Duhon alleges that the trial court erred in its application of the La.Civ.Code art. 134 factors by weighing each factor equally and granting domiciliary custody to the parent with the most factors in their favor. Specifically, Ms. Duhon urges that she should have been named domiciliary parent because she previously exercised primary care for the children.

The Louisiana Civil Code mandates that courts consider all relevant factors when determining the best interest of the child. However, the legislation does not speak to the amount of weight to be given to each relevant factor.

> The court is not bound to make a mechanical evaluation of all of the statutory factors listed in La. C.C. art. 134, but should decide each case on its own facts in light of those factors. The court is not bound to give more weight to one factor over another, and when determining the best interest of the child, the factors must be weighed and balanced in view of the evidence presented. Moreover, the factors are not exclusive, but are provided as a guide to the court, and the relative weight given to each factor is left to the discretion of the trial court.

*Thibodeaux v. O'Quain*, 09-1266, p. 5 (La.App. 3 Cir. 3/24/10), 33 So.3d 1008, 1013 (quoting *Cooper v. Cooper*, 43,244, p. 6 (La.App. 2 Cir. 3/12/08), 978 So.2d 1156, 1160).

Ms. Duhon repeatedly references that she was the primary caregiver of the children when the parties lived together. Although the record supports this fact, a parent's prior caregiving is but one of the factors to be considered in determining the best interest of the child. The trial court was not bound to give any specific amount of weight to this factor and was free to balance the factors as it saw fit.

In its oral reasons for judgment, the trial court went through each one of the factors listed in La.Civ.Code art. 134. Based on its analysis of all the factors,

the trial court concluded that the parties should share joint custody and Mr. Thomas should be appointed the domiciliary parent. The judge found that factors (1), (2), (3), (4), (7), (8), (9), (11), and (12) favored both parties equally. We find that the record supports this determination.

Ms. Duhon alleges that the trial court erred in finding that factor (7), the moral fitness of each party as it affects the welfare of the child, favored both parties. The court heard evidence pertaining to a situation in which Derrell Jr. called Ms. Duhon's boyfriend the "N" word during a phone conversation, and Mr. Thomas laughed. Although this incident is unsettling, the judge was not convinced that the moral fitness of either parent had affected the welfare of the children, as neither party provided any evidence of such a negative impact. We find no abuse of discretion in the trial court's assessment of this factor.

The trial court found that factors (5), (6), and (10) favored Mr. Thomas. Ms. Duhon alleges that this was in error. Specifically, Ms. Duhon asserts that factor (5), the length of time the child has lived in an adequate and stable environment, has more to do with the people making up that environment than the physical location. We disagree.

As Ms. Duhon points out in her brief, environment is a general set of conditions or circumstances and this includes the material conditions. The trial court reasoned, "there's no issue that the children have lived all of their lives in Mamou, Louisiana, in a stable environment there. They were in school there. They had friends there. They have family there and the court believes it is [sic] desirable to maintain that environment." Although there was not any evidence presented as to whether the children had friends, it is clear from the record that the children's environment in Mamou was stable and adequate, and nothing in the

6

record suggests that Mr. Thomas is incapable of maintaining that environment without the presence of Ms. Duhon. Similarly, the court reasoned that, "the home, school, and community [history] of the child[ren] has been in Evangeline Parish, specifically in the Mamou area and that factor would again preponderate in favor or Mr. Thomas." This finding is fully supported by the record, and we find no abuse of discretion in the trial court's assessment.

Ms. Duhon further asserts that the trial court erred in finding that factor (6), the permanence of the proposed custodial homes, favored Mr. Thomas. She contends that the home owned by Mr. Thomas was partitioned during the pendency of this appeal and is in the process of being sold. Therefore, it was not a permanent residence. The record does not contain any evidence of Mr. Thomas's home being partitioned or sold. At the time the judgment was rendered, the court reasoned that Mr. Thomas "ha[d] the edge" because his home is in Mamou, where they have lived, and he is "hooked into a mortgage in Mamou." In contrast, Ms. Duhon is living in her mother's home in Lake Charles. From her own testimony, it was clear that she did not intend to permanently reside in her mother's home and was trying to get her own home. However, as the trial court stated, they could not "make a determination on tomorrow or the next day," but had to "determine [the] status of the parties today and the status of the parties today is that Ms. Duhon simply doesn't have a permanent residence at this time." Thus, we find no abuse of discretion in the trial court's assessment of this factor.

After a thorough review of the factors above, we cannot say that the trial court abused its discretion in weighing the best of interest of the child factors and naming Mr. Thomas the domiciliary parent.

## CONSTITUTIONAL CLAIMS

Ms. Duhon asserts that naming Mr. Thomas domiciliary parent was contrary to the equal protection and substantive due process clauses of the fourteenth amendment of the United States Constitution.

In support of her substantive due process argument, Ms. Duhon cites *In re C.A.C.*, 17-108 (La.App. 4 Cir. 11/2/17), 231 So.3d 58, to explain the fundamental nature of parents' interest in their children. There the court noted that "parents acquire the substantial protection of their interest in a child's custody under the Due Process Clause by demonstrating a full commitment to the responsibilities of parenthood by coming forward to participate in the rearing of [their] child[ren]." *Id*. at 67. Ms. Duhon asserts that unlike Mr. Thomas, she demonstrated a full commitment to the responsibilities of parenthood because she was the primary caregiver of the children while the parties lived together. As such, she contends that an award of domiciliary custody to Mr. Thomas is a violation of substantive due process.

*In re C.A.C.* raised a substantive due process question because it involved depriving a natural parent of her rights to sole custody and granting joint custody to a non-parent. This amounted to a governmental intrusion on parental rights. In the present case, both parties awarded custody are the biological parents of the minor children. Because this case does not involve an intrusion on parental rights, we find Ms. Duhon's substantive due process argument lacks merit.

Ms. Duhon also asserts that the trial court's findings violated the Equal Protection Clause in that it discriminated against her on the basis that she lives with her mother instead of alone. The living arrangements of the parents are not a suspect class and are highly relevant to determining the best interest of the

8

children. While the trial court considered the fact that Ms. Duhon lives with her mother, the court never purported to make its custody determination solely on that basis. Therefore, we find Ms. Duhon's Equal Protection argument lacks merit.

V.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant, Ms. Jade Lasha Duhon.

**AFFIRMED.**