# Third District Court of Appeal

## State of Florida

Opinion filed December 16, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1168
Lower Tribunal No. 10-59832
_____

**Allen Gross, individually, Edythe Gross, individually, A&M Florida Properties, LLC, A&M Florida Properties II, LLC and A&M Florida Properties III, LLC,**

Petitioners,

vs.

**American Federated Title Corp., as Trustee,**

Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Veronica A. Diaz, Judge.

Kluger, Kaplan, Silverman, Katzen & Levine, P. L., and Alan J. Kluger, Terri Meyers, and Becky N. Saka, for petitioners.

Saul Ewing Arnstein & Lehr LLP, and Franklin L. Zemel and Alan R. Poppe (Fort Lauderdale), for respondent.

Before LOGUE, MILLER and LOBREE, JJ.

LOGUE, J.

Allen Gross, Edythe Gross, A&M Florida Properties, LLC, A&M Florida Properties II, LLC, and A&M Florida Properties III, LLC (hereinafter "Gross"), defendants below, seek a writ of certiorari against American Federated Title Corp. quashing the trial court's July 17, 2020 Order Denying Defendants' Renewed Motion for Reconsideration on Issue of Waiver of Attorney-Client and Work Product Privileges.

The order under review is part of a series of orders that require Gross to submit to a forensic examination of Gross' computer records by a third party to locate, collect, and preserve the documents responsive to American Federated Title's November 13, 2018 request to produce. The request to produce expressly requests communications between Gross and his Florida and New York Lawyers, including work product.

American Federated Title claims Gross did not timely respond to the request and then failed to assert the privileges even while several orders compelling discovery were entered. Gross subsequently submitted affidavits attributing this failure to the personal medical crises of his lawyer at the time, since replaced. With new counsel, Gross has asserted the privileges. He notes that this lawsuit relates to prior lawsuits between the parties. In those prior lawsuits, Gross maintains, he responded to similar discovery by asserting the privileges and producing privilege

2

logs. He claims American Federated Title used Gross' privilege logs from the prior litigation to tailor his requests to include the privileged documents.

We conclude that we are without jurisdiction to grant the writ for the following reasons.

While the trial court has repeatedly held that all privileges are waived, including in the last order which is the subject of this petition, those orders must be read in conjunction with the trial court's February 6, 2020 Order Regarding Electronic Discovery of which it is part and parcel. In the February 6, 2020 order, the trial court carefully and repeatedly required that the records be assembled and maintained by the third party "until instructed by agreement of the Parties or by Order of this Court to release." The trial court's requirement that the records be maintained by the third party means the existing orders do not authorize the production of the documents to American Federated Title unless and until the parties agree or the court enters a further order. This provision has not been amended by the various subsequent orders, including the order under review.

In these circumstances, we simply do not know whether, after the forensic examination is conducted and the records preserved, the trial court will order all documents produced; conduct an in camera hearing which identifies documents subject to the work product and attorney client privilege; extend the privilege to documents American Federated Title knew that Gross claimed were privileged based

3

upon the privilege logs provided in the parties' prior litigation; or order specific, identified documents either produced or protected. In other words, there remains the clear possibility that the production of privileged documents may never be ordered. Moreover, if a separate order requiring production is entered, that separate order can be the subject of review. See Cebrian v. Klein, 614 So. 2d 1209, 1210 (Fla. 4th DCA 1993).

For these reasons, although far from a perfect fit, we treat this matter as analogous to those cases where the court issues an order requiring allegedly privileged documents to be assembled and submitted for an in camera inspection but not released until further order of the court. Certiorari review of such orders is premature because no irreparable harm can be demonstrated until the court enters a subsequent order actually requiring the production of the privileged documents. Cooper Tire & Rubber Co. v. Rodriguez, 2 So. 3d 1027, 1031 (Fla. 3d DCA 2009) (denying certiorari of an order requiring production of documents subject to an in camera inspection and subsequent order compelling production of the documents, which order itself would be subject to review); see also Poston v. Wiggins, 112 So. 3d 783, 786 (Fla. 1st DCA 2013) (holding certiorari review was premature because no irreparable harm had been shown where the order under review merely required the alleged privileged documents to be produced for inspection and no discovery had yet been ordered); Bennett v. Berges, 84 So. 3d 373, 375 (Fla. 4th DCA 2012)

("Accordingly, because the order requires a party to submit allegedly protected materials only for an <u>in camera</u> inspection, and the trial court may never require disclosure of the documents to the opposing party, we hold that the petition is premature.").

In closing, we also note that, under the existing law of this district, while a privilege can be implicitly waived, "[a] failure to assert a . . . privilege at the earliest opportunity, in response to a discovery motion, does not constitute a waiver of the privilege so long as the privilege is asserted by a pleading, to the trial court, before there has been an actual disclosure of the information alleged to be protected." <u>Truly Nolen Exterminating, Inc. v. Thomasson</u>, 554 So. 2d 5–6 (Fla. 3d DCA 1989); <u>see also</u> <u>Liberty Mut. Ins. Co. v. Lease Am., Inc.</u>, 735 So. 2d 560, 562 (Fla. 4th DCA 1999) ("Generally, the initial failure to make a claim for privilege does not result in the waiver of the privilege.").

Petition dismissed.