# Third District Court of Appeal

## State of Florida

Opinion filed January 19, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2078
Lower Tribunal No. 20-17861
_____


**ZDS Construction, Co., et al.,**
Petitioners,

vs.

**Francisca Javiera Alvarado Perez, etc., et al.,**
Respondents.


On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Carlos Lopez, Judge.

Law Offices of Charles M-P George, and Charles M-P George; Wadsworth, Margrey & Dixon, and Katya M. Rehders, Daniel L. Margrey and Christopher Wadsworth, for petitioners.

Dorta Law, and Matias R. Dorta and Gonzalo R. Dorta, for respondents.


Before SCALES, HENDON and MILLER, JJ.

SCALES, J.

Petitioners ZDS Construction Company ("ZDS") and Rivera Services Group, Inc. ("Rivera"), the defendants below in this wrongful death action, seek certiorari review of a September 20, 2021 discovery order that required ZDS to produce a May 7, 2021 written statement prepared by attorney Joseph Shook, counsel for both ZDS and Rivera. For the following reasons, we dismiss the petition without prejudice.

On February 6, 2020, Jose Ramon Urbina Sanchez ("the decedent") sustained fatal injuries while working on a jobsite. On August 21, 2020, respondents Francisca Javiera Alvarado Perez, as personal representative of the decedent's estate, and Azucena Del Milagro Linares Rivas, as a beneficiary of the decedent's estate, filed the instant wrongful death action against the petitioners, and others, in the Miami-Dade County Circuit Court.

On May 7, 2021, attorney Shook interviewed a Rivera employee who witnessed the accident that injured the decedent. That same day, attorney Shook memorialized the employee's verbal account of the accident in writing. On July 19, 2021, the employee was deposed for over four and a half hours. The petitioners thereafter moved to compel ZDS to produce the written statement.

The challenged September 20, 2021 discovery order required ZDS to produce the written statement to the petitioners. Following the filing of the

2

instant petition in this Court, however, the trial court conducted an *in camera* review of the written statement and reconsidered its discovery order. The lower court's December 9, 2021 order states, in pertinent part, that: "Defendants do <u>not</u> have to produce [the employee's] statement at this time. If and when [the employee] becomes available to testify at trial, the Court will revisit this matter."[1]

While the petitioners urge us to provide guidance to the trial court by reaching the merits of their petition, our certiorari jurisdiction is limited to only those cases in which a departure from the essential requirements of law has resulted in irreparable harm. <u>See</u> <u>Amerisure Ins. Co. v. Rodriguez</u>, 242 So. 3d 481, 483 (Fla. 3d DCA 2018). Because the trial court's December 9, 2021 order provides, essentially, that the petitioners cannot be compelled to produce the written statement unless the trial court issues a separate order in the future, the petitioners cannot demonstrate the requisite irreparable harm; therefore, we must dismiss the petition for lack of jurisdiction. <u>Id.</u> ("While it is true that '[a]n order erroneously compelling discovery of privileged information is reviewable by certiorari because an order requiring disclosure of privileged information may cause irreparable injury,' <u>Heartland Express, Inc. of Iowa v. Torres</u>, 90 So. 3d 365, 367 (Fla. 1st DCA 2012), no

---

[1] The parties seem to agree that the employee will be a fact witness at trial.

such order exists in this case. Amerisure is only able to show a <u>possibility</u> that the trial court may enter such an order. This does not rise to the level of irreparable harm."); <u>see also</u> <u>Cooper Tire & Rubber Co. v. Rodriguez</u>, 2 So. 3d 1027, 1029-30 (Fla. 3d DCA 2009). Moreover, notwithstanding the potential efficacy of our deciding the issue now, we may not exercise certiorari jurisdiction to provide what may amount to merely an advisory opinion to the trial court. <u>See</u> <u>Merkle v. Guardianship of Jacoby</u>, 912 So. 2d 595, 599 (Fla. 2d DCA 2005) (recognizing that "Florida's appellate courts are not authorized to issue advisory opinions").

Concluding that, under the procedural facts presented in this case, the mere possibility of irreparable harm is insufficient to invoke this Court's certiorari jurisdiction, we are compelled to dismiss the petition without prejudice to petitioners seeking relief if and when the trial court compels production of the statement.

Petition dismissed without prejudice.